# Brown *v.* Feagin.

## *Bill for Partition and to Quiet Title.*

(Decided June 29, 1911. Rehearing denied December 21, 1911. 57 South. 20.)

1. *Quieting Title; Complaint; Sufficiency.*—A bill to quiet title should allege that no suit to try the title was pending, and that complainant was in peaceable possession, and failing therein was demurrable on either or both grounds.

2. *Partition; Bill; Construction.*—A bill which alleges that the complainant and one of the respondents were joint owners of the land and prays that all the other respondents be required to propound their interest in the land, and that the interest of all be ascertained and the land divided, must be treated primarily as a bill for partition between joint owners.

3. *Same; Possession.*—It is immaterial whether the complainants or respondents, or neither, are in possession to entitle one of several co-tenants to maintain partition.

4. *Equity; Bill; Multifariousness; Partition and Quieting Title.*— A bill seeking partition and also to quiet claims of third person is multifarious. Courts of chancery have long employed their general powers to adjust equities between co-tenants growing out of that ownership of property sought to be partitioned, and sections 5231, 5232, Code 1907, are no more than a codification of the previous chancery powers, so that the power to adjust claims and equities is merely that incidental to the partition, and to render it more effective, and does not extend to claims of third parties in possession, claiming adversely.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Arthur L. Brown against John Vary and others to sell land for partition and to vest the title to said lands in the true owner, revived after death of Vary in the name of N. B. Feagin as administrator. Decree for said respondent on demurrer, and complainant appeals. Affirmed.

The bill is filed against John Vary, Charles D. Smith, Walter L. Smith, Celia Smith, Charles D. and Walter L. Smith, as administrators of the estate of R. D.

Smith, deceased, and the Alabama National Bank, a corporation. · The facts as made by the bill are that R. D. Smith, father of the respondents Smith, and the intestate of the administrators, was indebted to the Birmingham National Bank in the sum of about $40,000, and in order to secure the same executed and delivered to said bank, its successors and assigns, an assignment of all claims, right of rescission, and all other rights and remedies, which the assignor had against the Birmingham Furnace Manufacturing Company and certain named individuals growing out of a breach of the contract in reference to certain land, and also conveying all right, title, and interest that the assignor had in and to the mineral land described in a deed from Ewing, treasurer, to the Birmingham Furnace & Manufacturing Company, which deed is recorded in Book 83, p. 495, of the probate judge's office in Jefferson county, dated November 14, 1893. It is then alleged that the Alabama National Bank for value received acquired this indebtedness of Smith, and also the securities above set out, securing said indebtedness. Exhibit B describes the land above referred to in said securities. It is then alleged that in 1899 Smith filed a ·petition in bankruptcy, and that at the time of filing the same he owned certain real estate in Jefferson county, Ala., as described in Exhibit B, but that said real estate was not embraced in the schedules filed by said Smith as an asset of the said bankrupt estate. It is then alleged that, if the representations of said ·Smith that he did not own said land at said time were true, he, by the instrument set out as Exhibit A, estopped himself and his heirs from claiming any title therein, even though it may have been acquired after said mortgage or instrument in writing, called Exhibit A, and the said bankruptcy proceeding. It is then alleged that at the

time he filed said bankrupt proceedings he had a perfect equity in said land, and had agreed to accept the same in settlement of his right of action referred to in Exhibit A, and that any title subsequently acquired by him inured to the purchaser from the trustee in bankruptcy and the grantors of said purchaser. The bill then alleges a petition by the trustee in bankruptcy for the sale of said land, and order and decree entered thereon, a sale in pursuance of said order, and a purchase by and conveyance to the Alabama National Bank of the lands described in Exhibit B. It is alleged that the Alabama National Bank went into possession of the property acquired by the deed, and on the 27th day of May, 1905, conveyed all of said lands to John Vary, and that later Vary executed and delivered to complainant a deed conveying to him a one-tenth undivided interest in said land, which deed was duly filed and recorded. It is then averred that Vary owned a nine-tenths, and complainant a one-tenth, interest, and that the lands cannot be equitably divided without a sale thereof. Paragraph 10 and the prayer sufficiently appear in the opinion.

SMITH & SMITH, for appellant. The court improperly sustained the demurrers to the bill.—Sections 5231, 5232, Code 1907; *White's Case*, 54 South. 114.

TILLMAN, BRADLEY & MORROW, and M. M. BALDWIN, for appellee. The court properly sustained demurrer No. 1.—*Sclossen v. McNulty*, 125 Ala. 124; *Kelly v. Deegan*, 111 Ala. 157; *Kennedy v. Rainey*, 145 Ala. 576; *Russell v. Beasley*, 72 Ala. 190. The bill was subject to demurrer for multifariousness.—*Bullock v. Knox*, 96 Ala. 199; *West v. West*, 90 Ala. 462; *Merritt v. Alabama Pyrites Co.*, 145 Ala. 262; *Slosson v. McNulty*,

125 Ala. 124; *White v. Cotner,* 54 South. 114; *Waller v. Taylor,* 42 Ala. 299; *Adams v. Jones,* 68 Ala. 117; *Truss v. Miller,* 116 Ala. 505; *Hardin v. Swoop,* 47 Ala. 276. The effect of sections 5231 and 5232, Code 1907, was not designed to change the laws governing the determination of hostile claims, and did not destroy or impair the effect of the decisions of *Bullock v. Knox, supra.*

SOMERVILLE, J.—The bill of complaint is filed by Arthur L. Brown, as complainant, against John Vary, Chas. D. Smith, Walter L. Smith, Celia Smith, Chas. D. and Walter L. Smith, as administrators of the estate of R. D. Smith, deceased, and the Alabama National Bank, a corporation. It shows that complainant owns an undivided one-tenth interest in the land described in the bill, and that the respondent John Vary owns the remaining undivided nine-tenths.

The relation of the other respondents to the cause is shown by paragraph 10 of the bill, as follows: "Complainant avers that respondents Charles D. Smith, Walter L. Smith, Celia Smith, and Charles D. Smith and Walter L. Smith, administrators of the estate of C. D. Smith, deceased, and the Alabama National Bank, claim to have or own some kind or character of interest in said lands, which said claims cast and create a cloud upon the title of complainant and that of respondent John Vary to said lands."

The prayer for relief is: "That all said respondents be required to propound their interests in the lands mentioned in this bill of complaint; that upon final hearing of this cause the interests of all parties concerned be ascertained, and that said lands mentioned may be sold under decree of this court for division, or divided by metes and bounds in the event the court should ascertain that said lands can be divided by metes

and bounds; that it appoint commissioners and empower them to so divide said property between the parties in interest; and that the title of said lands may be decreed to be vested in the true owners thereof. And complainant prays for such other, further, additional, or different relief as the facts may warrant or equity demand."

The respondents Smith interposed a demurrer to the bill, assigning 16 grounds, and the chancellor sustained the demurrer generally, from which decree complainant appeals. The only grounds we need now notice are the following:

"(3) For that said bill fails to allege that there is no suit pending to try the title to the property which is the subject-matter of the bill.

"(4) For that the bill fails to aver or show that the complainant was in the possession of the property described in said bill at the time the said bill was filed."

"(6) For that said bill is multifarious, in that it seeks two remedies and reliefs, to wit: It seeks to have said property sold or partitioned, and it seeks to have the title to said property quieted and cleared."

"(8) For that it does not appear from the allegations of said bill that said lands are held by the parties to this suit as joint owners or tenants in common."

Considered as a bill to quiet title, the bill here exhibited is plainly defective, and subject to the third and fourth grounds of demurrer.—*Brown v. Hunter,* 121 Ala. 210, 25 South. 924; *Moore v. Alabama National Bank,* 139 Ala. 273, 35 South. 648. But judged by its averments and prayer for relief, which are apt and ample for the purpose, it must be treated as being primarily a bill for partition between joint owners.

As we understand the contention of the complainant, it is that under sections 5231 and 5232, Code 1907, any

[Brown v. Feagin.]

joint owner of land is authorized to file a bill for partition, or sale for distribution, against his cotenants, and to join with them as parties defendant any person or persons who may claim the property adversely to and exclusively of the right and title of the asserted tenants in common, for the purpose of testing and determining the validity vel non of such adverse claim, and quieting the title of the tenants in common by a decree favorable to them. Such is the case made by the bill of complaint, and its tenability is challenged by the sixth and eighth grounds of the demurrer.

Section 3187, Code 1896, now section 5231, Code 1907, is: "The chancery court shall have jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common, whether the defendant denies the title of the complainant or sets up adverse possession or not." As explanatory and definitive of this jurisdiction and its incidents, section 5232 was inserted in the Code of 1907, which is as follows: "If the title of the complainants seeking partition or sale of lands for a division shall be controverted, it shall not be necessary for the court to dismiss the bill or delay the suit for an action at law to try the title, but the question of title shall be tried and determined in the suit by the chancery court, which shall have power to determine all questions of title, and to remove all clouds upon the title, if any, of the lands whereof partition is sought and to apportion incumbrances, if partition be made of land incumbered and it be deemed proper to do so; and the court may adjust the equities between and determine all claims of the several cotenants, as well as the equities and claims of the incumbrancers."

The right of partition, or sale for distribution, is a right which from its very nature exists only in favor of

and against tenants in common, and the equity of the bill filed for either purpose is founded on the community of title or interest in the several parties complainant and defendant.—*Tindal v. Drake,* 51 Ala. 574, 578; *Marshall v. Marshall,* 86 Ala. 383, 388, 5 South. 475. And, this being true, it is immaterial for the purposes of such a bill whether complainants or defendants have the possession, or that none of them have it.—*Gore v. Dickinson,* 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67; *Berry v. Webb,* 77 Ala. 507.

Independently of section 5232, above quoted, courts of chancery, having acquired jurisdiction for partition between joint owners, could and did employ their general powers "to adjust the equities between the parties, growing out of their ownership of and relation to the property, and the connection of their interests with those of their cotenants, and with the general equity or right of the complainant."—*Marshall v. Marshall,* 86 Ala. 383, 5 South. 475; *Gore v. Dickinson,* 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67. It is therefore, perhaps, safe to say that section 5232 is no more than a statutory specification of the incidental powers of chancery courts in relation to partition proceedings between tenants in common, as already recognized by the decisions of this court. •

And it seems perfectly clear, both under this statute and the various decisions which it codifies, that these powers and modes of relief are merely incidental to the partition which is the primary purpose and essential equity of the bill. As said, per Thorington, J., in *Gore v. Dickinson,* 98 Ala. 369, 11 South. 745, 39 Am. St. Rep. 67: "The prime object of the bill is to obtain partition of the property, and the cancellation of the deeds mentioned in the bill as clouds upon the title is only incidental, and designed to make the partition more ef-

[Brown v. Feagin.]

fective. All the conveyances sought to be canceled are made by and to some of the cotenants, simply having the effect to change their relation to the common property, or specific portions thereof, and which the court can adjust in connection with the general right or equity of the complainants."

In view of these well-settled principles, it cannot be plausibly urged that either section 5231 or 5232 was intended to radically change, enlarge, and combine the distinct grounds of equity jurisdiction for quieting unassociated adverse claims and making partition between tenants in common, and thereby to overthrow the settled maxims and policies of chancery procedure, and practically abolish the action of ejectment whenever there are joint claimants of property in the hostile possession of another.

The precise question we are considering, the right of a joint owner to seek in one and the same proceeding a partition as against his recognized cotenants, and also a quieting of his title against outside parties claiming adversely to him and his cotenants without any title or interest in common with them, has been determined adversely to appellant in the case of *Bullock v. Knox,* 96 Ala. 195, 11 South. 339, where such a joinder of unrelated matters and parties is held to render the bill multifarious, and subject to demurrer on that ground. This case is cited with approval to an analogous proposition in *Merritt v. Alabama Pyrites Co.,* 145 Ala. 262, 40 South. 1028.

We hold that section 5232 of the Code does not change nor affect the principles declared in *Bullock v. Knox;* and on the authority of that case, as well as by force of the principles above set forth, we hold that the bill here exhibited is multifarious, and that the demurrer was properly sustained as to this ground.

There are a number of decisions in which it is stated in general terms that a bill for partition and to remove a cloud, or to quiet title, is not multifarious. These will be found cited in the annotations to section 5231, Code 1907, and an examination of them will in every case disclose the fact that the removal of the cloud, or the quieting of an adverse claim, or the adjustment of their legal or equitable rights, left a relationship and community of interest of some sort between all the parties, entitling all of them to share in the partition or in the distribution of the proceeds of sale. This is especially well stated in *Tindal v. Drake,* 51 Ala. 574, 578, and *Gore v. Dickinson,* 98 Ala. 363, 369, 11 South. 743, 39 Am. St. Rep. 67.

It is unnecessary to notice other grounds of demurrer, and the decree of the chancellor must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.