[Long, et al. v. Long, et al.]

# Long, *et al.* v. Long, *et al.*

### Bill for Partition.

(Decided January 13, 1916.   70 South. 733.)

1. **Partition; Rights; Co-tenancy.**—The right of partition, or sale for distribution, is a right which, from its very nature, exists only in favor of and against tenants in common, and the equity of the bill filed for either purpose is founded on the community of title or interest in the tenants.

2. **Same; Possession.**—A bill for partition or sale for distribution is not dependent on whether complainants or respondents have the possession, or whether none of them had it.

3. **Same; Relief.**—Under §§ 2647-8, Code 1907, a complainant in a partition suit, who had purchased the widow's dower interest for a valuable consideration, was entitled to have the value of the dower paid to him, as he succeeded to her rights, and will be protected by a court of equity.

4. **Equity; Bill; Multifariousness.**—A bill by the heirs of a decedent against other heirs, their co-tenants, for partition of land, with sale for distribution which also seeks a cancellation of deed from decedent to two of the respondents on the ground that the deed had been obtained through undue influence, and for a grossly inadequate consideration, where the removal of the cloud, or the adjustment of the legal or equitable rights would leave a community of interest, entitling all parties to share in the distribution, was not multifarious.

5. **Partition; Costs.**—In a partition in kind of real property between tenants in common, the court may allow a reasonable attorney's fee to be paid to the attorneys representing the common property, or any party in the suit; hence, the prayer in such a bill for the allowance of a solicitor's fee to complainant was not subject to demurrer.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by Ida Long and others, against J. T. Long and others, for partition or sale for division. Decree for complainants, and respondents appeal. Affirmed.

HENRY A. JONES, and C. H. PENICK, for appellants. JAMES RICE, for respondents.

GARDNER, J.—Appellees and appellants are heirs at law of W. T. Long, deceased, and the bill is filed by the former against the latter for the purpose of obtaining a sale of certain lands described in the bill, for partition or division, which lands, it is

alleged, the said ancestor owned at the time of his death. It is alleged, also, that there are no outstanding debts of said estate, and that no necessity exists for an administration thereof, and proper averments are made that the lands cannot be equitably partitioned or divided among said tenants in common without a sale. The bill further shows that said W. T. Long, in November, 1913, executed a conveyance to a portion of said lands (100 acres) to respondent J. T. Long, and in December, 1913, a conveyance of another 100 acres to respondent W. C. Long, copies of which deeds are made exhibits to the bill.

(1, 2) Mental weakness and infirmity on the part of said W. T. Long is alleged, and there is also entered a denial that the consideration named in either deed was paid to the grantor. It is then averred that the grantees were of strong and domineering character, and that they took advantage of the mental weakness of the grantor, procuring their deeds to said lands through the exercise of an undue influence over him and for a grossly inadequate consideration. A cancellation of these deeds is sought, but it is insisted that this cannot be had, as complainants are not in possession. The prime object of the bill is to obtain a sale of the lands described therein, for division among tenants in common, and the cancellation of these deeds is only incidental, and designed to make the partition more effective. The following quotation from *Brown v. Feagin,* 174 Ala. 438, 57 South. 20, is applicable here: "The right of partition, or sale for distribution, is a right which from its very nature exists only in favor of or against tenants in common, and the equity of the bill filed for either purpose is founded on the community of title or interest in the several parties complainant and defendant.—*Tindal v. Drake,* 51 Ala. 574, 578; *Marshall v. Marshall,* 86 Ala. 383, 388, 5 South. 475. And, this being true, it is immaterial for the purposes of such a bill whether complainants or defendants have the possession, or that none of them have it.—*Gore v. Dickenson,* 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67; *Berry v. Webb,* 77 Ala. 507." See, also, section 5232, Code 1907.

(3) It also appears from the bill that after the death of W. T. Long the widow conveyed her dower interest to one of the complainants for a valuable consideration; and the bill seeks to have the value of said dower interest paid to the grantee of said widow. Under the provisions of sections 2647, 2648, Code

[Long, et al. v. Long, et al.]

1907, the dower interest of the widow may with her consent be sold, and the value of the same paid to her out of the proceeds of the sale. No reason appears, therefore, against the course here sought to be followed. The party owning the dower interest is a party complainant to the bill, and makes the request, and is also interested in the estate as an heir at law. The grantee of the widow succeeds to her right, which a court of equity will protect.—*Reeves v. Brooks,* 80 Ala. 26.

(4) That the bill is not multifarious is, in our opinion, quite clear, as we think will also be disclosed by an examination of the following of our cases: *Wilks v. Wilks,* 176 Ala. 151, 57 South. 776; *Forcheimer v. Foster,* 192 Ala. 218, 68 South. 879; *O'Neal v. Cooper,* 191 Ala. 182, 67 South. 689. The concluding paragraph of the opinion in *Brown v. Feagin, supra,* distinguishes a case of this character, where the removal of the cloud, or the adjustment of the legal or equitable right, leaves a relationship and community of interest of some sort between the parties, entitling them all to share in the distribution of the proceeds, from the case as there treated, in which it was also sought to quiet claims of third parties claiming adversely to the cotenants.

(5) Respondents' demurrers to that part of the bill as to solicitor's fee for complainants (a reference to which is found only in the prayer of the bill) were properly overruled under authoriy of *Wilks v. Wilks, supra.* It might be well, also, in this connection, to direct attention to the recent case of *Bidwell v. Johnson,* 191 Ala. 195, 67 South. 985, where sections 3010 and 5219 of the Code of 1907 were given consideration.

We conclude therefore that the demurrers to the bill were properly overruled, and the decree of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.