182 So. 43

**DYER v. CONWAY et al.**

**8 Div. 818.**

Supreme Court of Alabama.

June 16, 1938.

348

Brown & Conway, of Albertville, for appellant.

D. Isbell, of Guntersville, for appellees.

THOMAS, Justice.

Demurrer was sustained to the several phases of the bill, asking that a vendor's lien be established or enforced against the land in favor of the complainant and asking to have the property sold for division among joint tenants, as provided by the statutes. Code, Sections 9303 and 9322. The appeal was prosecuted from such ruling.

The rule that prevails in this state is that where there are several grounds of demurrer some of which are sufficient and others insufficient, the judgment sustaining demurrer being general, the ruling is referred to the ground that is well taken. Birmingham Ry., Light & Power Co. v. Barranco, 203 Ala. 639, 84 So. 839.

The construction of Section 9334 of the Code (Michie) contained in Strange v. King, 228 Ala. 511, 154 So. 115; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Marshall v. Rogers, 230 Ala. 305, 160 So. 865, is to the effect that in partition suits of lands by metes and bounds, or by sale for division when the same cannot be equitably divided among the owners, if the defendant denies the title of the complainant, or asserts an adverse claim or title in himself, such bill need not be dismissed, but the trial court may direct the issue as to the title of the complainant, or as to such adverse claim or title, to be tried as other issues of fact are tried, and as provided by the statute; and if neither party demands a jury, the court shall try such issues as to the title of the complainant or as to such adverse claim or title of defendant, together with other facts or issues of the case and render judgment accordingly. Betts et al. v. Ward, 196 Ala. 248, 249, 72 So. 110; Mertie Cotton v. Janie Cotton et al., Ala. Sup., 183 So. 442;[1] Sandlin v. Anders, supra.

We have examined the original bill and demurrers directed thereto, and hold that the same are not well taken to either phase

[1] Post, p. 459.

of that pleading. The judgment of the circuit court is, therefore, reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur.

