35 So.2d 91

BETTS et al. v. BETTS.

8 Div. 383.

Supreme Court of Alabama.

April 29, 1948.

480

Claude H. Pipes, of Huntsville, for appellants.

Clarence L. Watts, of Huntsville, for appellee.

STAKELY, Justice.

This is an appeal from a decree in equity overruling the demurrer to a bill in equity. The allegations of the bill in substance show the following. The complainant Mark Betts and the respondent Walter Betts are joint owners or tenants in common of certain land lying in Madison County, Alabama, Mark Betts owning an undivided 5/6th interest in the land and Walter Betts owning an undivided 1/6th interest in the land. The land cannot be equitably partitioned among the joint owners or tenants in common without a sale thereof.

The respondents Emma Miller and Ernest Miller are reputed to claim some right, title or interest in the land but in truth and in fact own no right, title or interest in or valid claim thereto. Ollie Betts died intestate in April, 1946, owning the foregoing property in fee simple at the time of his death, owing no unpaid debts and leaving as his sole heirs his brothers and sisters who are Mark Betts, Walter Betts, Johnnie Betts, Albert Betts, Richard Betts and Queenie Moore, each of whom inherited from their deceased brother, Ollie Betts, an undivided 1/6th interest in the foregoing real estate. Mark Betts, the complainant, purchased the interest of Johnnie Betts, Albert Betts, Richard Betts and Queenie Moore, so that with the 1/6th interest which he inherited from his deceased brother Ollie Betts, he owns an undivided 5/6th interest.

On January 9, 1946, Ollie Betts is reputed to have executed a quitclaim deed to Emma Miller and Ernest Miller to the foregoing land on a recited consideration of $1 and for the purpose of correcting the description of the lands conveyed to them by Ollie Betts by deed dated November 7, 1944. Both deeds are void because Ollie Betts at the time of the execution of each deed was of unsound mind and did not have sufficient mental capacity to make a valid conveyance of the land, of which mental incapacity Emma Miller and Ernest Miller had notice at the time of the purported execution and delivery of the aforesaid deeds. These deeds are alleged to constitute a cloud upon the title to the land.

The prayer of the bill is that the court decree that complainant Mark Betts and the respondent Walter Betts are joint owners and tenants in common of the land, Mark Betts being decreed to own an undivided 5/6th interest therein and Walter Betts an undivided 1/6th interest therein; that the deeds of November 7, 1944, and January 9, 1946, be declared void and of no effect and cancelled as clouds on the title to the property and that the land be sold for division of the proceeds among the joint owners or tenants in common and for general relief.

Appellant takes the position that before the court can take jurisdiction in a partition suit, there must be one or more party complainants who are joint owners or tenants in common with one or more party respondents. It is claimed that in the present case the complainant Mark Betts and the respondent Walter Betts cannot be joint owners or tenants in common and are not entitled to possession unless and until the deeds to Ernest Miller and Emma Miller are set aside.

 .It is immaterial for the purposes of a bill for a sale for distribution whether complainants or defendants or any of them have possession of the land sought to be sold. Long et al. v. Long et al., 195 Ala. 560, 70 So. 733. We are not here concerned with such authorities as Brown v. Feagin, 174 Ala. 438, 57 So. 20, which construed statutes which have since been amended. As pointed out in Sandlin v. An-

ders, 210 Ala. 396, 98 So. 299, 302, it is the purpose of the present statutes providing for partition and sale for distribution "to settle all questions of title by whomsoever held in one suit in equity." True the deeds to Ernest Miller and Emma Miller must first be held invalid before the sale for division can be had, but since this will follow, assuming the allegations of the bill to be true, the present bill falls within the broad purposes of the statutes, §§ 186–191, Title 47, Code of 1940; § 326, Title 7, Code of 1940, and presents a case for relief. Holmes v. Riley, 240 Ala. 96, 196 So. 888; Alexander v. Landers et al., 230 Ala. 167, 160 So. 342; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Standard Contractors Supply Co. v. Scotch, 247 Ala. 517, 25 So.2d 257; Steele v. Freeman et al., Ala.Sup., 34 So.2d 139;[1] Thomas v. Skeegs, 218 Ala. 562, 119 So. 610; Smith v. Colpack, 235 Ala. 513, 179 So. 520. The court acted correctly in overruling the demurrer to the bill of complaint.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.