37 So.2d 177

### GRISHAM et al. v. GRISHAM et al.

### 8 Div. 413.

Supreme Court of Alabama.

Oct. 21, 1948.

Bradshaw & Barnett, of Florence, for appellants.

A. A. Williams, of Florence, for appellees.

SIMPSON, Justice.

The appellants question the decree overruling their demurrer to the bill as last amended because (1) the amendment renders the bill multifarious and (2) the amend-

 

ment makes it a statutory bill to quiet title with insufficient allegations to this end.

The bill was one to sell lands for division among joint owners and tenants in common, and by amendment brought in Miss N. L. Grisham, alleging that she claimed or was reputed to claim some right, title, or interest in the land and called upon her to propound to the court whatever interest she claimed.

■■ The demurrer was properly overruled. Sections 186 and 189, Title 47, Code 1940, govern the question. Under these statutory provisions, particularly § 189, the old rule announced in Brown v. Feagin, 174 Ala. 438, 57 So. 20; Edmonds v. Cogsdill, 182 Ala. 309, 62 So. 691, and other earlier cases, inhibiting making a stranger to the title a party defendant in a suit between co-tenants to sell lands for division, no longer obtains. Now jurisdiction of the court is not ousted where a defendant sets up a rival claim of title and the court has the power to determine all such questions and may remove all clouds on title and determine all claims of cotenants or claimants.

In Sandlin v. Anders, 210 Ala. 396, 398, 399, 98 So. 299, 301, this court gave careful consideration to the statute as now constituted and summarized its effect as follows:

"(1) The jurisdiction for partition and for sale of lands for division among tenants in common are embodied in the same statutes. (2) The chancery court is declared a court of original jurisdiction for both purposes. (3) This jurisdiction is not ousted where defendant denies title or sets up adverse possession. (4) The court proceeds according to its own rules of practice. (5) When complainant's title is controverted, or an issue of title or claim arises between any of the parties, the issue shall be tried in the equity suit. (6) The court has power (a) to determine all questions of title, (b) to remove all clouds upon title, (c) to apportion incumbrances, and to adjust the equities between the holders thereof, (d) to adjust equities between cotenants or claimants, (e) to determine all claims of cotenants or claimants."

Other later cases of like import are Thomas v. Skeggs, 218 Ala. 562, 119 So. 610; Alexander v. Landers, 230 Ala. 167, 160 So. 342; Smith v. Colpack, 235 Ala.

513, 179 So. 520; Dyer v. Conway, 236 Ala. 347, 182 So. 43; Betts et al. v. Betts, 250 Ala. 479, 35 So.2d 91.

■ Nor was the bill deficient in failing to contain the requisite averments for a statutory bill to quiet title, as it was not such a bill and was not governed by the procedure in such cases. The statute, supra, under which the instant bill was filed, fixes no arbitrary rule of procedure and the bill was sufficient to bring in the new party and adjudicate as regards her title. Bean v. Northcutt, 240 Ala. 289, 291(8), 199 So. 7.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.