42 So.2d 779

**ELLIS v. STICKNEY et al.**

**2 Div. 242.**

Supreme Court of Alabama.

Oct. 6, 1949.

Rehearing Denied Nov. 17, 1949.

1. Post, p. 86.

Walter P. Gewin, of Greensboro, and Smyer & Smyer, of Birmingham, for appellant.

W. R. Withers, of Greensboro, for appellees.

LAWSON, Justice.

This is an appeal from a decree sustaining demurrer to a bill in equity.

The purpose of the bill is to have land sold for division among joint owners; to have an alleged void tax deed removed as a cloud on the title; to ascertain the status of certain mortgages executed by several of the joint owners on their undivided interests in the land, and to pay off the amounts found to be due on the indebtedness secured by the several mortgages.

Under the provisions of §§ 186 and 189, Title 47, Code 1940, a court of equity in a proceeding seeking partition or sale of lands for division among joint owners or tenants in common has the power to remove all clouds on title and determine all claims of joint owners, co-tenants, or claimants. Grisham et al. v. Grisham et al., 251 Ala. 340, 37 So.2d 177.

In Sandlin v. Anders, 210 Ala. 396, 98 So. 299, this court gave careful consideration to the provisions of law now codified as §§ 186 and 189, Title 47, supra, and summarized their effect as follows: (1) The jurisdiction for partition and for sale of lands for division among joint owners or tenants in common is embraced in the same statutes; (2) the chancery court is declared a court of original jurisdiction for both purposes; (3) this jurisdiction is not ousted where defendant denies title or sets up adverse possession; (4) the court proceeds according to its own rules of evidence; (5) when complainant's title is controverted or an issue of title or claim arises between any of the parties, the issue shall be tried in the equity suit; (6) the court has power (a) to determine all questions of title, (b) to remove all clouds on title, (c) to apportion all encumbrances and to adjust the equities between the holders thereof, and (d) to determine all claims of joint owners, co-tenants or claimants.

Other cases of like import are Thomas v. Skeggs, 218 Ala. 562, 119 So. 610; Alexander et al. v. Landers et al., 230 Ala. 167, 160 So. 342; Smith v. Colpack, 235 Ala. 513, 179 So. 520; Dyer v. Conway et al., 236 Ala. 347, 182 So. 43; Thompson v. Heiter et al., 238 Ala. 549, 192 So. 282; Holmes v. Riley et al., 240 Ala. 96, 196 So. 888; Finlay v. Kennedy, 250 Ala. 33, 32 So. 2d 883; Betts et al. v. Betts, 250 Ala. 479, 35 So.2d 91; Grisham et al. v. Grisham et al., supra.

■ The bill is not multifarious. Thompson v. Heiter et al., supra; Long v. Long et al., 195 Ala. 560, 70 So. 733.

This suit involves a 360-acre tract of land in Hale County acquired in 1871 by Taul Hobson and five of his sons. Taul Hobson and the five sons each acquired an undivided ⅙ interest in the property. Taul Hobson died intestate about the year 1900. He was survived by the five sons above referred to and by three other children. All of these children died many years ago. Most of them left children surviving. All of them died intestate. A number of grandchildren of Taul Hobson have died; they all died intestate and were survived by children.

The bill in this case sets out the undivided interests which the heirs at law of Taul Hobson and his children acquired in the suit property. The undivided interests are so small that the common denominator used to determine the respective interests of the said heirs at law is 8640.

Complainant is a great-granddaughter of Taul Hobson. She does not claim any interest in the suit property by descent, but does claim to own a considerable undivided interest therein through purchases from various heirs at law of the grantees in the 1871 deed.

The bill contains an averment to the effect that complainant owns in fee simple an undivided 5960/8640 interest in the property. We think this is a clerical error. This interest is shown by other specific averments to be 5950/8640. It is also averred that complainant owns an undivided 240/8640 interest subject to the life estate of respondent A. J. Wilkinson, Sr., and an undivided 80/8640 interest subject to the life estate of Joseph Brown, Sr. Thus from the averments of the bill it appears that complainant claims to own an undivided 6270/8640 interest in the suit property.

It is alleged that the other undivided interests in the property are owned by various individuals who are made respondents. Such interests are alleged to be as follows: (1) Alberta Denson, 720/8640; (2) A. J. Wilkinson, Jr., 240/8640, subject to the life estate of respondent A. J. Wilkinson, Sr.; (3) Restine Wilkinson, 240/8640, subject to the life estate of A. J. Wilkinson, Sr.; (4) Fannie Stewart, 40/8640, subject to the life interest of Ada Hobson, which life interest complainant owns; (5) Robert Hobson, 40/8640, subject to the life interest of Ada Hobson, which life interest complainant owns; (6) Joseph Brown, Jr., 80/8640, subject to the life interest of respondent Joseph Brown, Sr.; (7) James W. Martin, 80/8640, subject to the life interest of respondent Joseph Brown, Sr.; (8) Paul Hobson, 30/8640; (9) George Hobson, 45/8640; (10) Garland Hobson, 45/8640; (11) Lurlee Mauldin, 45/8640; (12) Fannie Johnson, 45/8640; (13) Charles Nichols, 720/8640.

Thus the total undivided interests of the respondents just above referred to amount to 2370/8640. Their interests, together with the undivided 6270/8640 interest alleged to be in complainant, accounts for the entire interest in the property, 8640/8640.

The bill avers that complainant and all respondents are over the age of twenty-one and that the residences of the respondents above referred to are unknown.

The other respondents to the bill are Mr. W. J. Stevenson, Mrs. Brookie T. Wood, The Peoples Bank of Greensboro, Alabama, a corporation, and Mr. J. B. Stickney.

As to respondent W. J. Stevenson, the bill as amended alleges in substance that Andrew Hobson, a grandson of Taul Hobson, on February 6, 1918, mortgaged his undivided 432/8640 interest in the suit

property to Mr. Stevenson; that complainant does not know whether the indebtedness secured by the said mortgage has been paid, but alleges upon information and belief that there is no indebtedness claimed by Mr. Stevenson on the said mortgage debt and on such information and belief alleges that the debt has been paid; that since the filing of the original bill, a decree pro confesso has been taken against Mr. Stevenson. Complainant prayed that the court ascertain whether said mortgage debt has been paid and if so that it be decreed that the record of said mortgage in the probate office of Hale County be marked paid, satisfied and discharged.

In regard to the respondent Mrs. Brookie T. Wood, the bill as amended alleges in substance that John Henry Hobson, a grandson of Taul Hobson, on March 30, 1929, mortgaged his undivided 432/8640 interest in the suit property to Mrs. Wood to secure an indebtedness of $100; that since the filing of the original bill Mrs. Wood has filed a disclaimer of any interest in said mortgage on the suit property. Complainant prays that the court ascertain the true status of said mortgage debt and that if the same has been paid that it be decreed that the record thereof be marked satisfied and discharged.

As to the respondent, The Peoples Bank of Greensboro, Alabama, the bill as amended alleges in substance that Mish Hobson, another grandson of Taul Hobson, on April 2, 1922, mortgaged his undivided 720/8640 interest in the suit property to the said bank to secure an indebtedness of $56; that since the filing of the original bill the said bank has filed an answer averring that said mortgage was transferred and assigned to the respondent Mr. J. B. Stickney.

As to the respondent Mr. J. B. Stickney, the bill as amended alleges in substance that Allen Hobson, who was a grandson of Taul Hobson, on December 18, 1928, mortgaged his undivided 432/8640 interest in the suit property to Mr. Stickney to secure an indebtedness of $500 due on December 18, 1929; that the said mortgage has not been foreclosed nor has the record thereof been marked satisfied. The bill as amended further alleges in substance that John Henry Hobson on November 22, 1924, executed a mortgage to respondent Mr. Stickney on his undivided 432/8640 interest in the suit property, along with other property, to secure an indebtedness of $500. Complainant avers that she has been informed and believes that the said mortgage indebtedness has been paid.

The amended bill further alleges in substance that complainant does not know whether the debts secured by the aforementioned mortgages have been paid or whether said mortgages are valid liens on the undivided interests in the suit property of the several mortgagors. Complainant calls upon the respondent mortgagees or their assignees to propound and prove whatever indebtedness is still due and unpaid and to account for all payments made on the several mortgage debts.

In regard to the said mortgages, the bill as amended prays: "That if upon a final hearing in said cause it is found and ascertained by the Court that there remains unpaid any amount due and owing on any valid mortgages given by any of the mortgagors herein mentioned on their undivided interests in said property that said amount or such amounts be paid to the persons entitled thereto, or so much thereof (said amounts found due, owing and unpaid) as belongs or did belong to the party executing said mortgages, which is to say, that if a party or mortgagor who owned an undivided interest in said property mortgaged said interest for the payment of a debt, that the same fractional part of the proceeds of said sale be used to pay any such amount still unpaid on said mortgages as such party or mortgagor owned in said property at the time of giving of said mortgage, and the balance if any, be paid to the party now owning such interest."

The bill as amended further alleges in substance that on September 12, 1932, the suit property was sold at a sale under an assessment made to "Allen Hobson and brother," which assessment was made by

said Allen Hobson and that the respondent, Mr. J. B. Stickney, purchased the suit property at said tax sale for the sum of $25.33; that on September 22, 1934, the respondent, Mr. Stickney, secured from the probate judge of Hale County a tax deed on said suit property; that the said tax sale was void for the following reasons: (1) The assessment and proceedings for sale were illegal and improper; (2) no notice was given to complainant, her predecessors in title or others owning an interest in said lands; (3) the tax collector failed to report to the probate court that he was unable to collect the tax assessment against the suit property without a sale thereof.

The amended bill prays in substance that upon a final hearing the respondent, Mr. Stickney, make proof of the amount of taxes, interest and other charges due him as the result of his purchase at the tax sale, and that he be reimbursed therefor out of the proceeds of the sale of the property. Complainant offers to pay such amount as found to be due.

The decree appealed from shows that the trial court sustained the demurrer of respondent, Mr. J. B. Stickney, generally, without designating the ground or grounds of the demurrer which were considered to be well taken. A demurrer is a single entity and if one ground is good a decree sustaining the demurrer is correct. Webb v. Lamar, 235 Ala. 533, 180 So. 545. But there is another rule to the effect that a decree sustaining a demurrer generally is to be referred to the demurrer to the bill as a whole. Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417, and cases cited.

As before pointed out, this bill as amended avers that complainant and certain of the respondents are the joint owners of the suit property. The nature and extent of their respective interests are shown. It avers from whom the complainant acquired her interest and the manner in which her joint owners obtained their interests, although such averments in a bill of this kind are not necessary. Richardson v. N. N. & T. J. Powell, 199 Ala. 275, 74 So. 364;

Alexander et al. v. Landers, supra. The several grounds of demurrer raising the point that the bill does not allege or show how or in what manner complainant acquired title to her alleged undivided interest in the suit property were not well taken. Hinson v. Cook, 241 Ala. 70, 1 So. 2d 33.

It is averred that "on account of the size and location of said property and the undivided interests owned or claimed by the complainant and the respondents, said property cannot be equitably divided in kind and that a sale thereof for division of the proceeds among said joint owners is necessary." Such averments are sufficient to show the necessity for a sale. The grounds of the demurrer attacking the insufficiency of such averments are without merit. Martin v. Carroll, 235 Ala. 30, 177 So. 144; Brewer et al. v. Brewer, 250 Ala. 222, 34 So.2d 13.

As indicated above, equity courts of this state are expressly given jurisdiction in proceedings of this kind by the terms of §§ 186 and 189, Title 47, Code 1940. Hence, those grounds of demurrer raising the point that complainant had an adequate remedy at law were not well taken.

It is immaterial for the purposes of a bill for a sale for distribution whether complainant or respondents or any of them have possession of the land sought to be sold. Long et al. v. Long et al., 195 Ala. 560, 70 So. 733; Betts et al. v. Betts, 250 Ala. 479, 35 So.2d 91. In the cases last cited complainants therein not only sought to have the land sold for division, but also to have clouds on the title removed. In Grisham et al. v. Grisham et al., supra, where the bill sought to remove a cloud on title in a proceeding of this kind, a demurrer took the point that the bill was insufficient in that it did not contain the requisite averments for a statutory bill to quiet title. In affirming the action of the trial court overruling the demurrer, we said [251 Ala. 340, 37 So.2d 178]: "Nor was the bill deficient in failing to contain the requisite averments for a statutory bill to quiet title, as it was not

such a bill and was not governed by the procedure in such cases. The statute, supra, under which the instant bill was filed, fixes no arbitrary rule of procedure and the bill was sufficient to bring in the new party and adjudicate as regards her title." See Baker v. Farish, 244 Ala. 178, 12 So.2d 547, and Harrell v. Vieg, 246 Ala. 669, 22 So.2d 94. While those cases do not deal with a proceeding such as here involved, they bear some analogy in so far as they hold that it is not necessary for a complainant to allege possession or ownership in a bill filed to remove a lien resulting from a tax sale which was ineffectual to pass title to the purchaser. Section 283, Title 51, Code 1940. Counsel for appellant in this connection relies on the case of Bobo et al. v. Edwards Realty Co., 250 Ala. 344, 34 So. 2d 165. But that case is not applicable here. It involved a bill to redeem land sold for taxes under the provisions of § 296, Title 51, Code 1940. We have held that in a bill of that kind the complainant must show that he has remained in some sort of actual or constructive possession of the realty since the tax sale. Bell v. Propst et al., 220 Ala. 641, 127 So. 212; Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411. But as before indicated, in a proceeding of this kind it is not necessary for the bill to show possession in either the complainant or the respondent.

Complainant's right to have the tax deed removed as a cloud on title and to have the status of the mortgages determined and the amounts due thereon paid is not dependent on any prior effort on her part to redeem from the tax sale purchaser or to make the payments due on the mortgages. Hence it is not necessary for the bill to contain averments to the effect that complainant had made such effort. As pointed out in Grisham et al. v. Grisham et al., supra, the statute under which this type of proceeding is instituted fixes no arbitrary rule of procedure and the requirements of statutory provisions relating to redemption from tax sales are not controlling. Nor was it necessary for the bill to allege that complainant was the owner of any interest in the land at the time of the tax sale or at the time of the execution of the mortgages.

Numerous grounds of demurrer take the point that from the averments of the bill it appears that complainant has no title to or interest in the suit property in that it appears from the bill that the respondent Mr. Stickney has acquired title to the suit property by adverse possession. These grounds of demurrer are not well taken. The bill is absolutely silent as to possession. It does not aver who has been in possession since the mortgages were executed or since the tax sale in 1932. But counsel for respondent Mr. Stickney, appellee here, earnestly insists that since the bill does not allege possession in complainant, then construing the bill most strongly against the complainant, it follows that the respondent, Mr Stickney, has been in possession since he purchased the suit property at tax sale, and that such possession has been adverse to complainant. In Sherrill v. Federal Land Bank, 244 Ala. 461, 14 So.2d 361, 362, it was said: "The bill is wholly silent upon the question of possession, and construing the bill most strongly against the pleader, as the rule requires, it must be interpreted as disclosing complainant out of possession. So considered, his remedy at law is adequate and complete."

But the rule of the Sherrill case, supra, has no application here. In that case complainant's bill was without equity unless he was in possession, for otherwise he had an adequate remedy at law. As before pointed out, in a proceeding of this kind it matters not who is in possession of the land. Moreover, we do not think the rule of the Sherrill case could be extended to the point to presume that respondent was not only in possession, but that such possession was held adversely to the complainant. Again, if the rule of the Sherrill case did have application to a case of this kind, why should possession be presumed to have been in the respondent Mr. Stickney, rather than in complainant's joint owners, who are also made respondents to this bill? Counsel for the respondent Mr. Stickney,

94

appellee, again relies on the rule in the case of Bobo v. Edwards Realty Co., supra. We have herefore pointed out the inapplicability of that case to the instant proceeding.

The bill does not simply aver that the tax sale was void. It specifically points out three grounds of alleged invalidity: namely, improper assessment, lack of notice, and failure of the tax collector to report to the probate judge the former's inability to collect the taxes assessed against the property without a sale thereof. None of the grounds of the demurrer questions the sufficiency of the last two grounds of alleged invalidity. As to the sufficiency of such· grounds, see Edwards v. Hosey, 251 Ala. 298, 36 So.2d 904, and Henderson v. Simmons, 234 Ala. 329, 174 So. 491. In both of those cases the property was sold at tax sales based on assessments for the year 1931.

 There are a number of grounds of demurrer which challenge the sufficiency of the averments of the bill in so far as they relate to the first ground of alleged invalidity of the tax sale; namely, improper assessment. These grounds of demurrer take the point that the bill affirmatively shows that the property was assessed by Allen Hobson, one of the joint owners, in the name of "Allen Hobson and brother," and that this shows as a matter of law that in making this assessment Allen Hobson was the agent of his joint owners. We cannot agree with this contention. No case has been cited to us nor has any come to our attention wherein it has been held that a joint owner in performing an act relating to property jointly owned acts as an agent of his joint owners. However, we think the case of Howze v. Dew, 90 Ala. 178, 7 So. 239, 241, 24 Am.St.Rep. 783, indicates that such relationship does not exist as a matter of law. In that case it is said: "It is one of the well-settled principles pertaining to this relation, that notice to one co-tenant, of facts affecting the common property is not notice to the other or others, and the latter's estate will in no way be prejudiced, nor the assertion of their rights precluded, thereby. Freem.

Co-tenancy [& Partition], §§ 171 et seq. This principle is applicable to notices required by statute to be given to the owners of land of proceedings to subject it to sale for the payment of taxes, and a sale made without such notice to all of the co-tenants is void. Thurston v. Miller, 10 R.I. 358."

 The bill as amended was also good against the numerous grounds of demurrer assigning laches. It is only where the bill shows laches on its face that a demurrer may take the point. Davidson v. Blackwood, 250 Ala. 263, 34 So.2d 205, and cases cited.

The mortgage by Allen Hobson to the respondent Mr. Stickney was executed on December 18, 1928. The bill does not aver that the record thereof has not been marked satisfied. The mortgage of John Henry Hobson to respondent Mr. Stickney was executed on November 22, 1924. The bill avers that this mortgage indebtedness has been paid. The mortgage of Mish Hobson to The Peoples Bank of Greensboro on April 2, 1922, is shown by the bill to have been assigned to the respondent Mr. Stickney, but the date of this assignment is not shown. Nor does the bill aver that this mortgage has been foreclosed. Under the averments of the bill in so far as they relate to the mortgages, we are not here concerned with the right of complainant to redeem from mortgage foreclosures, but with an effort on her part to have the mortgage debts paid if there be any such debts.

As before pointed out, the respondent Mr. Stickney purchased the property at tax sale on September 12, 1932, from the probate judge of Hale County a tax deed on September 22, 1934.

 The original bill in this case was filed in August, 1944. It would appear, therefore, that the bill was filed much more than three years after the date on which Mr. Stickney was entitled to demand a tax deed, § 295, Title 51, Code 1940, and, in fact, more than ten years thereafter, § 20, Title 7, Code 1940. But neither of the statutes of limitation just above cited come into operation until adverse possession is shown. Odom v.

Averett, 248 Ala. 289, 27 So.2d 479; Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73. As before pointed out, it does not result from the silence of the bill as to possession that the respondent, Mr. Stickney, was ever in adverse possession of the suit property. Hence the bill does not show on its face a running of the statute of limitation. Van Antwerp v. Van Antwerp, supra; Shorter v. Smith, 56 Ala. 208; Ammons v. Ammons, ante, p. 82, 42 So.2d 776.

 Where the question of laches is presented, the facts and circumstances of each case govern the court in the exercise of the discretion thereby invoked for the determination of the inquiry. Waddail v. Vassar et al., 196 Ala. 184, 72 So. 14.

It has often been declared that mere delay which has resulted in no disadvantage to another or that has not operated to bring about changes in conditions or circumstances, in consequence of which "there can be no longer a safe determination of the controversy," will not serve to bar complainant's right or remedy. Craig v. Root, 247 Ala. 479, 25 So.2d 147, 150, and cases cited.

In Woods v. Sanders, 247 Ala. 492, 496, 25 So.2d 141, 144, it was said: "We do not think that the bill shows such laches on the part of complainant as to deny relief when it is not barred by the statute of limitations. It must so affirmatively appear on the face of the bill. The principle is that 'where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties, as to render it difficult, if not admissible (sic) [impossible] to do justice, the plaintiff will, by his laches, be precluded from relief.' Rives v. Morris, 108 Ala. 527, 18 So. 743, 744; Oxford v. Estes, 229 Ala. 606, 158 So. 534; Ussery v. Darrow, 238 Ala. 67, 188 So. 885(3). Again it is said, 'mere delay that has wrought no disadvantage to another, or that has not operated to introduce changes of conditions and circumstances in consequence of which "there can be no longer a safe determination of the controversy," will not serve to bar a complainant's right or remedy.' Laches is not fixed by a hard and fast limit of time, but is a principle of good conscience dependent on the facts of each case."

There are no averments in this bill tending to show that there can be no longer a safe determination of the controversy.

We are of the opinion that the respondent Mr. Stickney must raise the defense of laches by answer.

True, the respondent Mr. Stickney has grounds of demurrer which aver changed circumstances, but these grounds of demurrer, like several others, are speaking, and, of course, could not be sustained.

We have considered the salient questions argued on this appeal and have reached the conclusion that the demurrer to the bill was improperly sustained. The cause is reversed and a decree here rendered overruling the demurrer. The respondent is allowed thirty days from the date on which the certificate of this court reaches the register of Hale County within which to plead further.

Reversed, rendered, and remanded.

BROWN, FOSTER and SIMPSON, JJ., concur.