69 So.2d 258

## LEE v. LEE.

### 4 Div. 759.

Supreme Court of Alabama.

Dec. 17, 1953.

L. A. Farmer, Dothan, for appellant.

Lewis & Lewis, Dothan, for appellee.

MERRILL, Justice.

This is an appeal from an interlocutory decree overruling demurrer to the bill of complaint.

The assignment of error which is argued is, "The court erred in overruling the demurrer of appellant to that aspect of the bill of complaint in said cause that seeks a sale of the property involved in this suit for a division of the proceeds of sale between the joint owners or tenants in common thereof."

The bill alleges that the complainant Nina Jo Lee and respondent Phillip Lee married in Dothan in 1943; that they worked in 1944 and 1945 and agreed to save their money and use it to purchase a lot in their names jointly and to continue to save money and jointly build a home on the lot; that in May 1945 Phillip told Nina Jo that he had found a lot which could be bought for $400; that she gave him $150 to apply on the purchase price and Phillip said he would pay the balance and would get the deed made to them jointly; that in June 1945 Phillip deliberately and falsely told complainant that he had purchased the lot in their names jointly; that after the purchase of the lot they began to buy building materials and built two rooms on the property, Nina Jo teaching school to earn money with which to build the house, and they moved into the house in June 1947 and Nina Jo has continued to live on the property ever since; that in October 1947 Phillip went to Detroit, Michigan, and has continued to live there except for occasional visits to Dothan; that complainant has spent $2500 in purchasing materials for and constructing the house and made other permanent improvements; that in December 1948 complainant learned for the first time that her husband Phillip had obtained a deed to the lot in the names of himself and Carrie Bell Lee, his sister; that in August 1949 Phillip came to Dothan and promised complainant he would have his sister Carrie Bell convey her one-half interest to complainant but that had never been done; that Phillip had filed suit for divorce in Wayne County, Michigan, and complainant

is convinced that he does not intend to convey an undivided one-half interest to complainant or to have his sister Carrie Bell Lee convey the undivided one-half interest which is in her name, and that said real estate cannot be equitably divided without a sale for division. Complainant prays that the court find that she is the equitable owner of an undivided one-half interest in the real estate and divest out of defendant Phillip Lee and invest in her the undivided one-half interest now shown on the record to be in the respondent, for an accounting and for general relief. The respondent Phillip Lee did not appeal from the decree overruling the demurrer.

The sole question presented here is whether complainant has such an equitable title as to entitle her to bring this suit in the capacity of a joint owner or tenant in common.

■ We think the question should be answered in the affirmative. It is well settled that cotenancy is an indispensable element of compulsory partition, Compton v. Cook, Ala.Sup., 66 So.2d 176,[1] and to maintain a bill for equitable partition or sale, the complaining party need only show a title or perfect equity in an interest in the lands. Henslee v. Williams, 253 Ala. 363, 44 So.2d 763.

The equity upon which the bill is sustained can be either that of joint adventure, Warner v. Warner, 248 Ala. 556, 28 So.2d 701, and Talley v. Talley, 248 Ala. 84, 26 So.2d 586, or on the basis of a constructive trust. Talley v. Talley, supra, and Knowles v. Canant, 255 Ala. 331, 51 So.2d 355.

In Warner v. Warner, supra [248 Ala. 556, 28 So.2d 710], where the relationship of the joint adventurers was that of mother and son, and the prayer was to establish a joint adventure in the acquisition of real estate and to sell same for division, this court said:

"We, therefore, hold and decree that the result of the joint adventure and its completion was to establish a tenancy in common between Mary A. Warner and William A. Warner in the property, the house and the lot upon which it was constructed, each owning a one-half undivided interest, and that the interest of said William A. Warner passed to the complainants through the process of devolution."

In Talley v. Talley, supra, (248 Ala. 84, 26 So.2d 589) where the relationship was that of brother and sister and the land was purchased from one Graves by the brother (defendant) and the prayer of the sister (plaintiff) was, among other things, to ascertain and declare her interest in the land and order a sale thereof, we said:

"True, the purport of the bill, with the deed exhibited thereto, is that Graves was the seller and defendant was the purchaser but as regards the plaintiff, the defendant, who bought the property in his name under the agreement aforesaid, was her substituted vendor, and when she went into possession under the contract and paid her part of the purchase price according to its tenor, she acquired a vested, valid interest in the land and equity will intervene to protect that interest. Stearnes v. Woodall, supra, (218 Ala. 128, 117 So. 643.)" [Parenthesis supplied.]

The following is quoted from 48 C.J.S., Joint Adventures § 7 a(4), page 834:

"It is immaterial in whose name the title to real estate purchased with funds put into a joint adventure, or a contract to be performed by joint adventurers, is taken, for the use of the member's name gives him no legal rights which he would not otherwise enjoy, and subjects the property to no greater claim from his individual creditors than his interest therein can satisfy; nor do the other members suffer any diminution of their equitable rights to share in the property by reason of the fact that the legal title is taken in the name of one of them only.

1. 259 Ala. 256.

"Joint adventurers take title to real estate purchased by them as tenants in common and not as partners; and on the death of one of them his interest descends to his heirs as tenants in common with each other and with the other joint adventurers. The holder of the legal title becomes a trustee for the benefit of his coadventurers, and is bound to deal with the property in that capacity, the quality of his conduct being measured by the standard required of an executor, administrator, or trustee of an express trust; * * *."

In Knowles v. Canant, 255 Ala. 331, 51 So.2d 355, 357, we said:

"A. constructive trust, or, as it frequently is called, a trust *ex maleficio* or *ex delicto*, arises, as Mr. Pomeroy says, 'Whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentation, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property in the hands of the original wrongdoer on in the hands of a subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved of the trust.' (Citing cases.)"

See also 54 Am.Jur. p. 167, Trusts, § 218.

"There is a general prayer for relief in the bill and where the allegations of the bill show that complainant is entitled to relief and there is a general prayer, the bill is not demurrable, because a special prayer is inapt or asks for relief in excess of or different from that which the allegations of the bill warrant. * * *" Holloway v. Holland, post, p. 101, 69 So.2d 289.

The appellant in the case of Betts v. Betts, 250 Ala. 479, 35 So.2d 91, 92, raised the same question of complainant's lack of sufficient title to maintain a bill to cancel conveyances and sell lands for division. There the court said:

"* * * As pointed out in Sandlin v. Anders, 210 Ala. 396, 98 So. 299, 302, it is the purpose of the present statutes providing for partition and sale for distribution 'to settle all questions of title by whomsoever held in one suit in equity.' True the deeds to Ernest Miller and Emma Miller must first be held invalid before the sale for division can be had, but since this will follow, assuming the allegations of the bill to be true, the present bill falls within the broad purposes of the statutes, §§ 186–191, Title 47, Code of 1940; § 326, Title 7, Code of 1940, and presents a case for relief. (Seven cases cited.) The court acted correctly in overruling the demurrer to the bill of complaint." [Parenthesis supplied.]

Other cases dealing with similar situations are Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Ex parte Nixon, 239 Ala. 306, 195 So. 228; Dyer v. Conway, 236 Ala. 347, 182 So. 43, and Batson v. Graham, 236 Ala. 72, 181 So. 260.

The instant case is clearly distinguishable from Roy v. Abraham, 207 Ala. 400, 92 So. 792, 25 A.L.R. 101, and Hargett v. Hovater, 244 Ala. 646, 15 So.2d 276, where it was held that a judgment creditor of the owner of an undivided interest in real estate cannot maintain a suit to compel a sale for division.

The decree of the lower court overruling the demurrer should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.