ALMON, Justice.
Napoleon Morrow filed an action against Martin Goodson, seeking ejectment and, in the alternative, a declaration of the boundary line between the coterminous properties of Morrow and Goodson. Goodson answered by counterclaiming that he had title by either prescription or adverse possession to the disputed land, then alleging that Morrow’s action was barred by the statute of limitations in Ala.Code 1975, § 6-2-33. The trial court granted Morrow summary judgment on his ejectment claim, and then, after an ore tenus hearing on Goodman’s adverse possession counterclaim and statute of limitations defense, held that Good-son had failed to prove his counterclaim for adverse possession or to prove his defense of the statute of limitations. Goodson appeals, arguing that by adverse possession he had title to the disputed land and that, in any event, Morrow’s action was barred by the statute of limitations of Ala.Code 1975, § 6-2-33.
Morrow holds record title to the disputed land, a 23-acre parcel coterminous with Goodson’s land. He obtained title from Mary Davis, who had obtained title from Lawrence Goodson. Lawrence Good-son and Martin Goodson were co-tenants of a large parcel of land given to them by Naomi Goodson. In 1973 Martin Goodson filed for a partition of the land and in 1974 the circuit court granted the partition. In the partition decree, Martin Goodson was given a tract of land, which is not in dispute in this case, and the decree also addressed the disputed land:
“The interest of the complainant, Martin L. Goodson, in the parcel of property herein partitioned and conveyed to respondents [Lawrence Goodson] is hereby extinguished.”
Because that decree clearly extinguished all of Martin Goodson’s rights to the disputed land, Goodson’s claim of adverse possession could not have arisen until 1974, after the partition decree. Accordingly, since Goodson obviously cannot claim the land by common law prescription, which requires a 20-year period of adverse possession, Downey v. North Alabama Mineral Development Co., 420 So.2d 68 (Ala.1982), Goodson must rely on the statutory adverse possession of Ala.Code 1975, § 6-5-200. Hayden v. Robinson, 472 *858 So.2d 606 (Ala.1985). The pertinent portions of § 6-5-200 provide:
“(a) Adverse possession cannot confer or defeat title to land unless:
“(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action;
“(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
“(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land.”
Goodson cannot sustain an adverse possession claim under any of the three provisions of § 6-5-200(a). He has no deed or color of title that would sustain an adverse possession claim under paragraph (a)(1); indeed, Goodson stipulated that Morrow had record title to the land. Goodson did not prove payment of taxes as provided for in paragraph (a)(2), nor did he retain any title to the land after the 1974 partition, either by descent cast or by devise, which would be necessary to sustain an adverse possession claim under (a)(3). Accordingly, the trial court did not err in holding that Good-son did not establish title to the disputed land by adverse possession under § 6-5-200.
Another aspect of this case concerns the determination of the boundary between the coterminous owners. Ala. Code 1975, § 35-3-1. The court declined to fix the boundary at a fence line and, instead, fixed it according to a deed. This holding is amply supported by the evidence.
The 10-year statute of limitations in § 6-2-33 is no impediment to Morrow’s action. This statute does not begin to run until adverse possession begins. Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779 (1949); Craig v. Craig, 372 So.2d 16 (Ala.1979).
The judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.