# McCarty *v.* Woodstock Iron Company.

*Bill in Equity by Vendor, for Cancellation of Conveyance to Infant Purchaser after Disaffirmance.*

1. *Disaffirmance of contract by infant.*—A contract for the purchase of land by an infant, may be avoided and disaffirmed by him on arriving at legal age, by any act of positive and distinct dissent, though not accompanied by an offer to reconvey, or to restore what he has received under the contract; such disaffirmance renders the contract void *ab initio*, though the adult party may sometimes be left remediless; and when once made, the infant can not afterwards repudiate it, and claim the benefits of the contract.

2. *Same.*—An infant having bought a town lot from an incorporated company, and received a conveyance, paying $334 in cash, and giving his notes for the balance of the agreed purchase-money, wrote a letter to the company a few days after attaining his majority, in which he stated the terms of the contract, and added: "I do not think the company has performed its part in its attitude towards the town, and for this reason I claim from the company $334, with interest from date of deed. The company can not ignore this claim, because the trade was made before I was of age. I consider myself, under the circumstances, justified in repudiating the trade, and claiming the law on the subject." *Held,* that this letter showed a distinct and unconditional disaffirmance of the contract, though not accompanied with an offer to reconvey, nor followed by suit to recover the money, which the company refused to repay.

3. *Cancellation of deed in equity.*—An infant purchaser of land having repudiated and disaffirmed the contract on attaining his majority, but refused to reconvey the legal title to his vendor, the latter may maintain a bill in equity to compel a cancellation of his deed, offering to refund the purchase-money which he received under the contract.

APPEAL from the City Court of Anniston, in equity.

Heard before the Hon. B. F. CASSADY.

The parties to the present suit, the facts as to the bill and the defense set up by the answer thereto, are sufficiently shown in the opinion of this court. Defendant moved to dismiss the bill for want of equity, which motion was overruled. The defendant also demurred to the bill and assigned, among others, the following grounds: 4th. It is not shown in said bill that respondent disaffirmed the sale of said lot to him. 5th. It does not appear that said respondent ever offered to reconvey the said lot to complainant. 6th. That it does not appear that complainant ever assented to said alleged disaffirmance of said sale. 8th. That complainant has a full, complete and adequate remedy at law. 9th. That the complainant is seeking

to exercise a right, which is personal to respondent. The court overruled all these grounds of demurrer. Upon the submission of the cause on pleadings and proof, the court rendered a decree granting the relief prayed for. On this appeal prosecuted by the respondent, the court's decrees upon the motion to dismiss, upon the demurrers, and also the final decree, are assigned as error.

BROTHERS, WILLETT & WILLETT, for appellant.—1. If the letter from the defendant to the complainant amounted to a repudiation, the court erred in overruling the 8th ground of demurrer, and in refusing to grant the motion to dismiss the bill for want of equity.—*Sharp v. Robertson*, 76 Ala. 343 ; *Manning v. Johnson*, 26 Ala. 446 ; *Freeman v. Bradford*, 5 Por. 270 ; *Vorhees v. Vorhees*, 24 Barber (N. Y.) 150 ; *Boole v. Nix*, 75 Wendell (N. Y.) 119 ; Sedgwick & Wait on Trial of the Title to Land, § 198. 2. The letter from the defendant to the complainant dated March 16, 1886, was not, in itself sufficient to amount to a repudiation.—*Irvine v. Irvine*, 9 Wall. 627 ; *Tucker v. Moreland*, 10 Peters, 71 ; *Willis v. Twombley*, 13 Mass. 204 ; *Scranton v. Stewart*, 52 Ind. 69.

KNOX & BOWIE, and CALDWELL & JOHNSON, *contra*. 1. A contract by an infant may be disavowed by some distinct and positive act, leaving no room for doubt as to the intent of the parties, and this may be effected by notice of disaffirmance or other unmistakable act of dissent.—2 Kent. 237 ; Bishop on Contracts, § 276 ; 1 Parsons on Contracts, 322 ; *McCarthy v. Nicrosi*, 72 Ala. 335. 2. As to land, the minor's right to disaffirm, becomes mature and absolute on his attaining his majority.—2 Kent. 235–6 ; 1 Parsons on Contract, p. 243 ; *Philips v. Green*, 13 Am. Dec. 134. 3. This right continues in Alabama, until the action of ejectment is barred.—*Eureka Co. v. Edwards*, 71 Ala. 248 ; *Hill v. Nelms*, 87 Ala. 447 ; 24 Ala. 261.

CLOPTON, J.—Our decisions, which are in harmony with the later adjudications, have established, that a contract of purchase of land entered into by an infant, whether executed or executory, is voidable, subject to confirmation or disaffirmance, at his election, on arriving at age. The right of election is personal, and paramount to any equity of the other party ; it may be exercised without reference to his assent or dissent. When the infant has exercised the privilege to rescind his contract, he can not afterwards abandon or repudiate the rescission, and take the other alternative. The disaffirmance ren-

ders the contract void *ab initio*, and restores the rights of the parties to the same condition in which they would have been had no contract been made, though the adult party may, in some cases, and under some circumstances, be remediless.

Appellee, the Woodstock Iron Company, seeks by the bill the cancellation of a deed, made May 1, 1884, conveying to appellant a lot in the city of Anniston. The cancellation is sought on the ground, that the grantee was a minor at the time of its execution, and after arriving at his majority disaffirmed the contract of purchase, without reconveying or offering to reconvey the property, and retains the deed, denying complainant's right to a conveyance. The answer denies disaffimance, and sets up confirmation of the contract, of which complainant had notice long before the bill was filed.

The main point of contention involves the construction and effect of a letter, admitted to have been written by defendant to complainant, March 16, 1886. The following is a copy: "In the spring of 1884, I purchased from you a lot in the city of Anniston, and paid you three hundred and thirty-four dollars; also gave you two notes, each calling for three hundred and thirty-three dollars, bearing interest from date, one due one year, and the other two years. I do not think that the Woodstock Iron Co. has performed its part in its attitude towards the town, and for this reason, I claim from the W. I. Co. three hundred and thirty-four dollars, with interest from date of deed. The company can not ignore this claim, because the trade was made before I was of age. I consider myself, under the circumstances, justified in repudiating the trade, and claiming the law on the subject." Defendant contends, that the letter is the mere expression of an intention to repudiate the contract, if the demand therein made was not complied with; or a conditional repudiation, and, in order to make it complete and effectual, should have been followed by suit to recover the money, or by some unequivocal act of equal notoriety and solemnity with the original act.

In support of their contention, counsel refer to the case of *Irvine v. Irvine*, 9 Wall. 617. The question under consideration being whether, in order to be sufficient to affirm an infant's deed, the act of affirmance must be of the same solemnity of the deed itself, it was said: "There is a well recognized distinction between the nature of those acts which are necessary to avoid an infant's deed, and the character of those which are sufficient to affirm it; and the act of confirmation, being of a character less solemn than the act of avoidance, may be effected in a less formal manner." The reasons assigned for the distinction are, that the deed of an infant, not being void, passes

26

the title to the land to his grantee, and if avoided, the owner-ship is re-transferred, and the seizin changed; while a con-firmation passes no title, effects no change of property, and disturbs no seizin. The question in that case was, whether the infant had affirmed his deed; the nature of the act suffi-cient to avoid a contract of purchase was not involved. Also, there is a well recognized distinction between the acts which will avoid an infant's deed in the case of a sale, and those which will avoid a contract of purchase, though a deed was made to the infant. Acts which are usually regarded as nec-essary to avoid an infant's deed—such as entry, selling and conveying to another, and bringing suit to recover possession —would amount to a confirmation in the case of purchase.

Even in respect to the avoidance of deeds made by infants, the current of modern decisions is to a liberal extension of the rule; and the tendency is to establish one simpler, more con-servative, and of easier and more general application, thereby avoiding many of the perplexing and refined distinctions un-der the strict rule, which required the act of disaffirmance to be of equal notoriety and solemnity with the original act or conveyance, but which was never of universal application, for the deed could always be avoided by a proper plea. In *Mc-Carthy v. Nicrosi*, 72 Ala. 332, speaking in reference to the avoidance of an infant's deed, or other executed contract, it is said: "The usual rule is, that any such contract may be affirmed, by unequivocally recognizing its continued existence and binding force. So, it may be disavowed by some distinct and positive act, leaving no room for doubt as to the intention of the party. This may be effected by *notice* of disaffirmance, by *suit, plea* or *entry* upon real estate, or other unmistakable act of dissent, or of confirmation, as the case may be." *A for-tiori*, a contract of purchase of land may be disaffirmed by the infant, after attaining majority, by act manifesting distinctly and unequivocally an election and intention to disaffirm—by any act of distinct and positive dissent, whatever may be its form or expression.— *White v. Flora*, 2 Tenn. 426 ; *Drake v. Ramsay*, 5 Ohio, 251 ; *Tennison v. Chambliss*, 88 Ill. 378 ; *Singer Man. Co. v. Lamb*, 81 Mo. 22. This rule is consistent with, and conserves the absolute and paramount right of dis-affirmance.

Recurring to the letter, there seems no room for doubt as to the intention of defendant. It was written a few days after he had arrived at twenty-one years of age ; states the precise terms of the contract, so that there could be no mistake, and claims the exact amount of the purchase-money paid, with in-terest from date of deed. The reason assigned, that the com-

[McCarty v. Woodstock Iron Co.]

pany had not performed its part in its attitude toward the town is not stated as the legal basis of the claim—he shows no injury he had sustained by the conduct of the company, or what that conduct was, but as morally justifying him "in repudiating the trade, and claiming the law on the subject." What law? The law which gave him the right to disaffirm a contract entered into while a minor, which is the only legal ground stated why the company could not ignore the claim. Claim of repayment of the precise sum paid at the time of the purchase, with interest from the date of the deed, is inconsistent with the recognition of the continued existence of the contract; for, without rendering it void by disaffirmance, he had no right to claim the return of the money.

But it is said, the money was not returned, and no suit was brought for its recovery. As we have stated, the exercise of defendant's right did not depend upon the conduct of the company. Neither the manner in which the letter was treated, nor the failure or refusal to return the money, could affect in any way the exercise of defendant's right of election, or avoid the effect of the disaffirmance. A suit to recover the money would itself have been an act of avoidance; but it is not necessary the letter should be followed by such suit, to render it effectual as an act of disaffirmance. And though rescission of the contract restores the rights of the parties to the situation in which they were when the contract was entered into, an offer to reconvey the lot was not essential to a complete disaffirmance. An infant need not tender any thing he may have acquired or received under the contract. He subjects himself to liability to account for what he has received and has in possession when he reached his majority, and may sue for what he has paid. A tender is only material and essential as a condition to the right of either party to sue and recover in equity.—*Eureka Co. v. Edwards*, 71 Ala. 248; *Chandler v. Simmons*, 97 Mass. 508; s. c., 93 Amer. Dec. 117. The letter, being a demand or claim for the repayment of the money, without qualification or condition, on the sole ground that defendant was a minor at the time of the purchase, must be regarded as a distinct and positive act of dissent, unequivocally manifesting his intention and election to disaffirm the contract.

Another point of contention arises on the ground of demurrer to the bill, that, conceding an avoidance, complainant's remedy at law is complete and adequate. The position is, that on disaffirmance, the title to the lot was, *ipso facto*, retransferred to complainant, and the company can maintain ejectment to recover possession. Many authorities so hold in respect to the avoidance of an infant's deed; and, as an in-

fant's deed passes the title to his grantee, subject to the right of the *grantor* to confirm or avoid—in legal effect a conditional transfer, continuing in force until avoided . and defeated by disaffirmance—it may be that avoidance in such case operates *proprio vigore*, to divest the grantee of the title, and reinvest it in the grantor. But the case is different when the deed is made by an adult grantor to an infant, under a contract of purchase; such deed is not subject to avoidance by the grantor at his option or election. It has been uniformly held in this State, that an estoppel resting in parol, though it may bind the land in equity, does not and can not affect the legal title in a court of law.—*McPherson v. Walters*, 16 Ala. 714; *Morgan v. Carey*, 73 Ala. 222. It has also been held, that the rescission of a contract of purchase, and cancellation or destruction of the deed, by agreement of the parties, will not divest the title out of the grantee, and reinvest it in the grantor.—*Brady v. Huff*, 75 Ala. 80. It is true, that when an infant disaffirms his contract of purchase after becoming of age, it ceases to exist for the benefit of either party, and is rendered void *ab initio*, and the other party is reinvested with a right to whatever he has parted with under the contract, and may sue to reclaim it. But, it results from the foregoing well established principles, that when the grantor is capable of passing the title, and the grantee capable of taking, the deed not being subject to avoidance by the grantor, no act *in pais* will operate to re-transfer to him the legal title. The disaffirmance destroyed all defendant's equitable claim or title to the land, but did not affect the legal title.

Defendant, having once disaffirmed, could not repudiate it and then confirm; the contract having been made void, can not be revived, except by mutual consent. Still, he retains the deed, and denies complainant's right to a conveyance, claiming that he abandoned the idea of disaffirming, and has confirmed the purchase. The real object of the bill is to procure a judicial ascertainment of the rescission of the contract, and the enforcement of the rescission by cancellation of the deed. The bill offers to pay the amount paid by defendant, and to return the purchase-money notes. Its equity rests on the jurisdiction. of the court of the rescission of contracts. The bill and proof make a case for relief.

Affirmed.