164 So. 290

### OLIVE v. OLIVE et al.
### 4 Div. 847.

Supreme Court of Alabama.
Nov. 21, 1935.

Little & Lightfoot, of Luverne, for appellant.

Sentell & Sentell, of Luverne, for appellees.

BROWN, Justice.

The bill in this cause was filed on the 23d day of January, 1935, seeking to set aside a deed obtained by the defendant from John B. Ruffner, who had foreclosed a mortgage on the property in question, on the ground that said defendant had been authorized by the complainants to sell the timber off said lands for himself and the complainants, and use the proceeds thereof to satisfy the claim of said Ruffner and redeem said lands for the complainants and the defendant as joint owners and tenants in common; that said defendant sold the timber and used the proceeds thereof to obtain from said Ruffner said deed to himself in fraud of the rights of complainants. The bill also seeks to have the lands sold for division among the joint owners and to require the defendant to account for the proceeds of said timber.

On February 21, 1935, the defendant, David Olive, appeared by his solicitors, Little & Lightfoot, who now represent him on this appeal, and filed a demurrer to the bill, and on the same date the complainants gave the defendant written notice that the case would be submitted on March 5, 1935, to the judge of the circuit court on the demurrer to the bill, and service of this notice was accepted in writing by the defendant's solicitors, and the notice with the acceptance of service was filed with the register on the same date. The judge entered a decree on March 5, 1935, overruling the demurrer. This decree was filed with the register on March 6, 1935. In said decree the defendant was given thirty days from the filing of the decree within which to answer the bill.

On the 13th day of April, the defendant having failed to answer, motion was made before the register by the solicitors for complainants for a decree pro confesso, on the ground that the defendant had failed to further plead or answer the bill within the time allowed by the decree of the court. The register granted the motion and entered a decree pro confesso, reciting that " * * * it being made to appear to the register that a summons requiring the defendant, David Olive, to appear and plead, answer, or demur to the Bill of Complaint in this cause, within thirty days from the service of said summons upon the said David Olive, was served upon him by the Sheriff of Montgomery County, on the 24th day of January, 1935, and the Court did on March 5th, 1935, render a decree overruling the demurrer filed by the respondent to the original bill of complaint, and decreeing that respondent have thirty days from the filing of said decree within which to answer said original bill of complaint, the said decree having been filed on March 6th, 1935; and the said defendant having failed to answer the said Bill of Complaint as required by the decree of the Court," followed by appropriate order taking the averments of the bill in all things as confessed.

Thereafter testimony was taken by oral examination, without notice to the defend-

ant. The cause was then submitted on motion to set aside the decree pro confesso, and on the pleadings and proof for final decree.

The grounds of the motion to set aside the decree pro confesso were:

"1. The respondent nor his attorneys of record had no notice of submission of the above styled cause on demurrer.

"2. There was no agreement of submission of cause on demurrer in writing or otherwise, during vacation time, or any other time.

"3. There has been no order for the submission of the above styled cause on demurrer.

"4. The respondent has a meritorious defense to the allegations in the bill of complaint."

The court, on July 31st, entered a decree overruling the defendant's motion 'to set aside the decree pro confesso, and granting relief to the complainants.

There is an absence of proof in the record supporting the grounds of the motion to set aside the decree pro confesso; nor is the want of authority of defendant's solicitors to appear and file the demurrer to the bill made a ground of such motion. The motion to set aside the decree pro confesso was overruled without error.

The objection made by the demurrer that the bill is multifarious is without merit.

The claims asserted related to the same property between the same parties. Code 1923, §§ 6526, 9334; Ford v. Borders et al., 200 Ala. 70, 75 So. 398.

Rule 74 of Chancery Practice authorized the hearing on demurrer, after ten days' notice to the adverse party of the time and place of such hearing. Code 1923, vol. 4, p. 929, rule 74.

A party in default and against whom a decree pro confesso has been rendered is not entitled to personal notice of taking depositions. Code 1923, § 6567.

Moreover, after decree pro confesso, it was not necessary to take testimony to prove the averments of the bill in a proceeding of this character. After the decree pro confesso was entered, on submission for final decree, the averments of the bill were taken as confessed.

The record and proceedings of the circuit court are free from error, and the decree will be affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.