27 So.2d 779

### COOK et al. v. PARKER et al.
### 7 Div. 873.

Supreme Court of Alabama.
Oct. 10, 1946.

Rehearing Denied Nov. 21, 1946.

394

Motley & Motley, of Gadsden, for appellants.

Hood, Inzer, Martin & Suttle and Roy D. McCord, all of Gadsden, for appellees.

LAWSON, Justice.

Ora Brazell Parker died on or about April 10, 1943. She was survived by Aaron Cook, her father, Fannie Tolbert, her sister, and Charlie Parker, her husband. There were no other heirs or distributees.

The original bill in this case was filed by Aaron Cook and Fannie Tolbert against Charlie Parker.

The case made by the bill may be summarized as follows: That at the time of her death the said Ora Brazell Parker was the owner of an undivided one-half interest in and to certain real estate located in Etowah County, Alabama, described as Lot No. 22 in Block 2 of the Hollingsworth subdivi-sion; that prior to her death she had executed a mortgage on this property to L. B. Rainey and Alto V. Lee, which mortgage had been foreclosed; that after foreclosure the property was conveyed to one Jesse Waller.; that Ora Brazell Parker and the said Jesse Waller entered into an agreement whereby Ora was to pay Jesse Waller the amount of money paid by him for said property in which event he was to convey the property to her; that during her lifetime she paid or satisfied Jesse Waller for the money which he paid for the said lot but that he never deeded the property to her; that after the death of Ora Brazell Parker, Jesse Waller conveyed this property by quitclaim deed to the respondent, Charlie Parker, but that there was no consideration paid for this deed. The bill further avers that complainants own a one-half interest in the said property after the termination of the life estate of the said Charlie Parker, but that he claims title to all of the property and denies title in remainder to complainants.

The bill further alleges in substance that at the time of her death, Ora Brazell Parker owned considerable personal property, consisting of household and kitchen furniture and money in the sum of approximately $1,300, which was on deposit in the Savings Department of the First National Bank of Gadsden, Alabama; that respondent, Charlie Parker, has withdrawn the money from the bank and has claimed and used it as his own and has sold part of the furniture. The bill further avers that complainants are the owners of "a one-half interest in the personal property," but that respondent, Charlie Parker, denies that complainants have any interest in said personal property and claims all of it as his own.

The prayer of the bill in pertinent part is as follows: "That on the final hearing of this case it may please your Honors to grant your complainants general relief, and that the title of said Respondent, Charlie Parker, to the one-half interest in the homestead be limited to his life and that the remainder be decreed to be in Complainants and that he be held accountable for one-half of the money and personal property converted or used by him and that the Complainants be decreed to have an undivided

one-half interest in the personal property remaining."

Demurrer was not interposed to the bill. Respondent, Charlie Parker, answered wherein he denied all the material allegations of the bill with one exception. In his answer he admitted the execution of the mortgage to Messrs. Rainey and Lee, its foreclosure and subsequent conveyance to Jesse Waller. Respondent made his answer a cross-bill wherein he sought to have the title to the property quieted.

Complainants amended their bill by making Minnie Rapoport a party respondent, averring that she holds a mortgage on the property in controversy. In her answer, Minnie Rapoport averred that she lent respondent Charlie Parker $1,057.50 on November 15, 1944, and that as security for that loan Charlie Parker and his wife *Ellen* executed to her a mortgage covering the entire interest in the property here involved; that when said loan was made she had no information or knowledge that any person other than Charlie Parker claimed any right, title or interest in the property. Complainants and respondent, Charlie Parker, entered into an agreement whereby it was admitted "that the mortgage due Minnie Rapoport is legal, lawful and binding (as set forth in the answer of Minnie Rapoport), and is a first mortgage on all the property described in the bill of complaint."

Upon submission of the cause for final decree upon pleading and proof, the trial court decreed that neither the complainants nor the respondent, Charlie Parker, was entitled to the relief prayed for. Complainants' bill as amended and the cross-bill of Charlie Parker were both dismissed. The reasons which prompted this action of the court are not disclosed by the decree. No appeal was taken by Parker from the decree dismissing his cross-bill, but from the decree dismissing their bill as amended complainants have appealed to this court.

■ The relief which complainant sought as to the real property appears to be dependent entirely on the allegation that deceased was the owner of an undivided one-half interest therein by virtue of having paid the purchase price therefor to Jesse Waller. The only legal evidence tending to support this allegation is the testimony of Waller. The testimony of Fannie Tolbert as it relates to' the alleged transaction between deceased and Waller appears to have been mere conclusions of the witness and must be disregarded under the provisions of Act No. 101, H. 79, approved June 8, 1943, General Acts 1943, page 105, Code 1940, Tit. 7, § 372(1). Waller's testimony is in direct conflict with that of respondent Charlie Parker. The burden was upon complainants to satisfy reasonably the judicial mind that the money was paid for the property by deceased as alleged. But after a careful examination of all the evidence bearing upon this issue we do not feel persuaded to that degree of satisfaction required, and it results that complainants as to this phase of the bill have failed to sustain the burden of proof cast upon them.

■ In so far as the bill seeks distribution of the personal assets of the deceased, it is defective in that it does not allege that there has been no administration and that deceased left no debts. When an estate is left entirely free from debt, and the distributees do not invoke the action of the probate court to separate their several interests, but ask an equity court to give them their respective shares, without the expense and delay of an administration, the bill will be entertained and the relief granted. Marshall v. Crow's Adm'r, 29 Ala. 278; Thompson et al. v. Thompson, 107 Ala. 163, 18 So. 247; Teal v. Chancellor, 117 Ala. 612, 23 So. 651. But the general rule is that personal assets are recoverable only by the personal representative. Neither legatees nor distributees can maintain suits concerning them, though when recovered the personal representative holds them in trust for their ultimate benefit. Teal v. Chancellor, supra. The failure of complainants to allege that there had been no administration and that deceased left no debts keeps them from without the exception to the general rule. Sullivan v. Lawler, 72 Ala. 68; Gardner v. Gantt, 19 Ala. 666.

It results that the decree dismissing the bill must be here affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.