71 So.2d 532

**GIBSON et al. v. HALL.**

**2 Div. 329.**

Supreme Court of Alabama.

March 25, 1954.

Skidmore & Finnell and McCoy Davidson, Tuscaloosa, for appellants.

David M. Hall, Eutaw, and Joe G. Burns, Tuscaloosa, for appellee.

SIMPSON, Justice.

Bill in equity by tenants in common to sell lands for division and for other relief. From a general decree sustaining the demurrer, the complainants have appealed. This court will in such a situation attribute the ruling of the trial court to the grounds of demurrer addressed to the bill as a whole and if any aspect is well pleaded against the grounds interposed, the bill will be held good. Florence Gin Co. v. City of Florence, 226 Ala. 478(1, 2), 147 So. 417; Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749. On this theory the decree below sustaining the demurrer was erroneous, since that aspect of the bill—if so it could be called—seeking a sale for division was good against the asserted demurrer, as we will show.

It is first argued that the bill lacks equity for the reason that the interests of the respective joint owners are not specifically set forth, the contention being that the interest of complainant Vaughn Strickland is not correctly shown, thereby making the allegations confusing and conflicting. This complainant seeks to have rescinded a deed made by him while a minor and on the basis of this, the bill describes his interest so as to include that interest which he had conveyed and which would reinvest in him upon his disaffirmance. This was a proper allegation. In the case of a conveyance of real property wherein the grantor is an infant, the disaffirmance by the infant upon attaining majority operates ipso facto to reinvest the title in him although in some cases the infant is required to restore the consideration received. Smoot v. Ryan, 187 Ala. 396, 65 So. 828; McCarty v. Woodstock Iron Co., 92 Ala. 463, 8 So. 417, 12 L.R.A. 136.

The bill shows that said Strickland, while an infant and in 1945, conveyed to the defendant Hall a one-fourth undivided interest in the realty. The appellee raises the point that the complaint should state when Vaughn Strickland became twenty-one years of age and that this failure of averment rendered the bill demurrable. The rule is axiomatic that conveyances of real property by infants operate to transmit title and are voidable only. The right to avoid such a deed exists until it is barred by the statute of limitations. McCarthy v. Nicrosi, 72 Ala. 332. And a bill to rescind such a deed is a proper way to avoid it and is in the nature of a bill for the recovery of real property. McCarthy

v. Nicrosi, supra; Mott v. Iossa, 119 N.J. Eq. 185, 181 A. 689. For analogy see Glass v. Cook, 257 Ala. 141, 57 So.2d 505; Woods v. Sanders, 247 Ala. 492, 25 So.2d 141. The applicable statute of limitations, therefore, is the ten-year statute, Title 7, § 20. Since the complaint on its face shows that approximately seven years only have elapsed from the date of the minor's conveyance, we lay to one side any question of the statute of limitations. Section 36 of Title 7 allowing an infant three years after majority to commence an action does not shorten the ten-year period prescribed. Courson v. Tollison, 226 Ala. 530, 147 So. 635.

It is also argued that there was a misjoinder of parties and causes rendering the bill as amended multifarious because the complainant, Vaughn Strickland, is the only party having an interest in the rescission of the deed.

 The over-all purpose of the bill is to sell the lands of tenants in common for division and incidental thereto to have an accounting between them and to have a deed made by one of the tenants in common cancelled. Prayer for such incidental relief did not render the bill multifarious since equity must adjudicate the entire title, settle all claims between the joint owners, and give complete relief. In the case of Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779, it was held that a bill to sell land for division, to have an alleged void tax deed removed as a cloud on title, to ascertain the status of mortgages executed by several joint owners on their undivided interests in the land and to pay off the amounts found due on the indebtedness secured by the several mortgages was not multifarious. See also Olive v. Olive, 231 Ala. 221, 164 So. 290. Section 189 of Title 47, Code 1940, specifically gives a court of equity the power to adjust the equities between and determine all claims of the several cotenants in a proceeding seeking partition or sale for division among joint owners or tenants in common. The issues of the respective claims of all parties in interest are before the court in a bill for partition. See Watt v. Lee, 238 Ala. 451, 191 So. 628. A court of equity having jurisdiction of the subject matter and the parties for the primary purpose of a sale for distribution among joint tenants will retain and exercise that jurisdiction to the giving of complete relief. Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Brewer v. Brewer, 252 Ala. 629, 42 So.2d 244.

 The rule is well established that averments that disclose that the parties to the bill are the sole owners of the land, the interest of each, that the land cannot be equitably divided without a sale for that purpose, and a description of the lands sought to be sold, are sufficient to give equity to a bill to sell lands for division among tenants in common. Hinson v. Cook, 241 Ala. 70, 1 So.2d 33; Williams v. Anthony, 219 Ala. 98, 121 So. 89.

We therefore entertain the view that the bill was not subject to the charge of multifariousness.

 On like principle the argument that the bill as amended constituted a departure from the original bill and injected a new cause of action repugnant to that originally filed in that by the amended bill one of the complainants, Vaughn Strickland, sought to have set aside the deed, is also without merit. This additional relief sought was likewise but incidental to the main suit.

 One of the original tenants in common, Marlin Strickland, had died intestate prior to the institution of the original bill and his administrator, Roy Strickland, was named a party complainant. Appellee argues that the bill was demurrable for lack of avermant that the estate of the decedent was insolvent. This argument is also untenable. The administrator is not undertaking to sell realty for payment of decedent's debts, Title 61, § 244, Code, and he would be a proper party to any accounting if not otherwise, which the defendant Hall might be called on to make between the tenants in common, including his intestate.

We have considered the remaining grounds of the demurrer directed to the

complaint as a whole; they are equally without merit.

The decree is reversed and the cause is remanded.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.