87 So.2d 36

Ross Jones **MALONE** et al.

v.

Dewey O. **JONES** et al.

8 Div. 850.

Supreme Court of Alabama.

April 12, 1956.

Guin & Guin, Russellville, for appellants.

Harry Strange, Russellville, for appellees.

PER CURIAM.

This is an appeal by cross complainants. from a decree sustaining a demurrer to the cross-bill.

The original bill was filed by appellee,. Dewey O. Jones, against respondents Ross. Jones Malone, Edward Jones, Jessie Jones. and Josie Jones Thorn. As amended it alleges the complainant and respondents are

tenants in common of the land decribed, specifying the interest of each, and alleging it cannot be equitably divided without a sale thereof. The land is decribed in the bill as the nineteen and one-half acres in the NE corner of Section 1, Township 7, Range 14, with a specific description of it, and the NW¼ of Section 6, Township 7, Range 13 W, less (1) a tract of land in the NE corner, specifically described, containing twenty acres; and (2) less another half acre tract, specifically described; also (3) less another tract of nineteen and one-half acres in the SW corner of said NW ¼ of Section 6; also (4) less one-third acre, specifically described, in the NW ¼ of Section 6; also (5) less a ten acre tract, specifically described, in the SW ¼ of NW ¼ of Section 6; also (6) less a tract of twenty-two and one-half acres, specifically described, in the NW ¼ of Section 6, Township 7, Range 13, West.

█ The bill made no allegation as to the source of their title: that is, by inheritance from Robert L. Jones as to the NW ¼ of Section 6, and from him and his wife as to the nineteen and one-half acres in Section 1. Of course, we judicially know that the nineteen and one-half acres of section 1 is directly west of the NW ¼ of section 6, supra, and that this constitutes one continuous tract. Nor does the bill make allegation as to the prior ownership of Robert L. Jones and his wife, or when they died, or whether there has been an administration on their respective estates. There was no demurrer to the bill and no question as to it is here presented.

The answer and cross-bill of Ross Jones Malone, Edward Jones, Jessie Jones and Josie Jones Thorn admit the formal allegations of the bill. In the second paragraph of the amended answer and cross-bill it is alleged:

"The respondents show to the court that Robert L. Jones, alias R. L. Jones, and Emma Lee Jones, alias E. L. Jones, were husband and wife; that they both departed this life within two years preceding the filing of the original bill of complaint herein; that the said Emma Lee Jones, widow of Robert L. Jones, survived him and she did not *never* remarry; that the said Robert L. Jones and Emma Lee Jones owned, during their lifetimes, approximately 19.5 acres of land in section 1, Township 7 South, Range 14 West, described in the amended bill of complaint, each of them owning a one-half undivided interest therein; that the said Robert L. Jones owned at his death, and for many years prior thereto, the northwest quarter of Section 6, Township 7 South, Range 13 West, less certain smaller tracts carved out of the same and at different times sold and conveyed by the said Robert L. Jones and Emma Lee Jones. The original bill of complaint as amended herein, sought to sell the entire tract so owned by Robert L. Jones and Emma Lee Jones; the same also sought to sell the greater part of the lands owned by Robert L. Jones. This answer and cross bill seeks *certain additional relief,* entirely pertinent to the purposes of the original bill of complaint, as amended, that is to say, this answer and cross bill seeks to sell all the lands owned at their respective deaths by the said Robert L. Jones and Emma Lee Jones, husband and wife, as well as all of the personal property owned by them, and by each of them, on the dates of their respective death. At the same time this answer and cross bill, as now amended, seeks to sell all of the personal property owned by the two said decedents, upon the dates of their respective deaths, and it seeks an accounting and settlement between the different heirs at law of the said two decedents. Your respondents show unto the court that both the said Robert L. Jones and the said Emma Lee Jones departed this life intestate; *that there has been no administration on the estate of either of them, and that there is no necessity for an administration;* that to administer the estates of either would be an unjust burden upon the property now owned in common by their heirs at law and lawful distributees. Your respondents

further show to the court that the lands of the said two decedents, so owned by them at their respective deaths, are so far from correctly described in the amended bill of complaint that no profitable, sufficient or beneficial sale can be had upon the basis of the said amended bill of complaint." (Italics ours.)

In paragraph 3 of the answer and cross-bill it is alleged that Robert L. Jones died June 5, 1953, and his widow, Emma Lee Jones, died March 29, 1955, and they left as their sole heirs at law the parties named as complainant and respondents in the original bill: in paragraph 6 it is alleged that Voil D. Guinn and Wade Richardson are necessary parties to settle the title to the land, and they are made parties to the cross-bill. It is further alleged that Robert L. Jones, on October 10, 1898, purchased all the NW ¼ of Section 6, Township 7, Range 13 West; that on September 14, 1950 he and his wife conveyed to Voil D. Guinn a tract carved out of the aforesaid quarter section, and that the deed to him contained an incorrect description of the tract sold him. (The answer and cross-bill then sets out what is alleged to be a correct description of the tract.) Paragraph 8 alleges that Voil D. Guinn was placed in possession of the land sold him, but that he has now set up a claim to a larger tract and has filed a notice of adverse possession: that before making a sale, as prayed in the bill, the court should ascertain and define the land sold said Guinn, and that the title of the heirs of Robert L. Jones be quieted against any claim of title of said Guinn.

Paragraph 9 of the answer and cross-bill alleges that two years prior to the death of Robert L. Jones, he and his wife sold to Wade Richardson one acre out of said NW ¼ of Section 6, specifically described, but that no deed was executed to him; that he paid $50.00 for it and was put in possession; and the court should confirm the title to ·him.

In paragraph 12 it is alleged that on July 15, 1949 Robert L. Jones and wife executed a deed to complainant, Dewey O. Jones, to an alleged ten acre tract of land immediately east of the nineteen and one-half acres in section 1; that it was probably less than ten acres; that a correct description of it should be ascertained and the tract eliminated from the sale.

In paragraph 13 it is alleged that on June 6, 1951 Robert L. Jones and wife sold and conveyed to complainant, Dewey O. Jones, one-half interest in a small tract of land upon which was located a small storehouse, and which tract is incorrectly descibed in the bill as amended: that the deed is not complete in its description, and that the court should ascertain and define the correct description of the tract before the sale.

Paragraph 14 alleges that at different specified times the respondent Ross Jones Malone and her husband purchased from Robert L. Jones and wife three tracts, all adjoining, said in the conveyance to aggregate twenty-two and one-half acres but in fact only aggregating nineteen and one-half acres; and that the correct number of acres should be ascertained by the court and excepted from the sale. What is alleged to be a correct description is then set out.

Paragraph 15 alleges that cross complainants and complainant have agreed to dedicate to the public one acre of ground (specifically described) on the northerly line of Alabama Highway No. 24, and known as the western boundary line of section 6, "and that the same is now so filled up or about so" that the dedication is a community necessity, and that it should be ascertained and fixed by the court and the dedication confirmed.

Paragraph 16 of the amended answer and cross-bill alleges that Dewey O. Jones, the complainant and cross respondent, has in his possession a large sum of money, to wit, $3,200 or more which was the property of Robert L. Jones at the time of his death or of his wife at her death, and which is now equitably owned by the parties to this suit who are their descendants; and that he should in equity and good conscience pay it into court for the benefit of the heirs and distributees of said Jones and his wife, and

that he is called upon to specify and account as to the amount of it; and, further, that said amount be ascertained by the court and discharged by him.

In paragraph 17 it is alleged that the land will sell for more if surveyed and so marked on the ground, and that the land will bring more if sold in four separate tracts each of which is specifically described.

Paragraph 19 alleges that the land described in the cross-bill constitutes all the land owned by Robert L. Jones and Emma Lee Jones at their respective deaths; and that cross complainants desire the court to ascertain what lands were owned by said decedents, and that all such lands be ordered sold for distribution.

Paragraph 20 alleges that cross complainants desire the court to ascertain what personal property was owned by Robert L. Jones and Emma Lee Jones when each died, and that it be ordered sold for distribution. Then follows an itemized statement of the personal property owned by one or both of them, and that it is now in the possession of Dewey O. Jones, the complainant, who should be required to surrender the same to the court for sale.

From the allegations of paragraph 21 it appears that Robert L. Jones owed nothing to anyone when he died: that (paragraph 22) Emma Lee Jones owed an ambulance charge of $9.50 paid by cross complainant Mrs. Ross Jones Malone, and which should be repaid out of the property in litigation. And (in paragraph 23) that before her death she became indebted for hospitalization, medical treatment and nursing in the sum of $819 to the Franklin County Hospital and Clinic which should propound its claim in this proceeding. The prayer is specifically for the various forms of relief indicated above.

Demurrers were separately filed to the cross-bill as amended by Dewey O. Jones and Voil D. Guinn, and they were separately sustained. The demurrer of Dewey O. Jones was addressed to the cross-bill as a whole and to each aspect separately, and all assign substantially the same grounds which are in effect: (1) a want of equity, (2) it

describes other property than that in the original bill, (3) there is a misjoinder of parties, and (4) it is multifarious. The demurrer of Guinn is addressed to the "cross bill and to each and every of its allegations, and assigns as grounds therefor the following:

"1. The subject matter of the cross bill is not germane to the subject matter of the original bill.

"2. The title of this cross respondent or respondent Voil D. Guinn is distinct from complainant's claim in the realty described in the cross bill and is not, therefore, a proper subject for a cross bill.

"3. That additional land cannot by the cross bill be brought into the litigation.

"4. That the cross bill introduces a controversy outside the scope of the original bill.

"5. That the cross bill introduces into this litigation your respondent or cross respondent Voil D. Guinn with whom the complainant in the original cause has no interest in the additional land described in the cross bill."

■ The decree separately as to each party merely sustained the demurrer without reference to the demurrer to the aspects. That status presents for review the sufficiency of the cross-bill as a whole tested by the grounds assigned to it. That means that if any aspect of it is not subject to the demurrer on any ground assigned to the cross-bill as a whole, the demurrer should have been overruled. Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Sellers v. Valenzuela, 249 Ala. 620, 32 So. 2d 520; Ellis v. Stickney, 253 Ala. 86(4), 42 So.2d 779; Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749; Gibson v. Hall, 260 Ala. 539, 71 So.2d 532; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751.

■ The frame of a cross-bill is indicated by Equity Rule 26 as amended December 17, 1954 Code 1940, Tit. 7 Appendix (see 261 Ala. xxxix). Under it, as before its amendment, a defendant may obtain relief

against plaintiff or (another) defendant for any cause connected with or growing out of the bill, by alleging in his answer the facts upon which such relief is prayed. And when parties other than those named in the original bill are required to grant complete relief, they may be made defendants to the cross-bill.

In this connection we observe that the cross-bill is in two broad aspects, each of which is in more than one aspect. One has reference to a sale of land for division, and the other a division and sale of personal property of the separate estate of both Robert L. Jones and Emma Lee Jones, and an accounting by complainant of money which is alleged to be in his possession and which is alleged to be a part of the estate of Robert L. Jones or Emma Lee Jones.

The cross-bill clearly has equity insofar as it points out errors in the description of the land sought to be sold, and seeks to correct them, and to clear the title as to parts of it in respect to disputed claims of ownership, area and right of possession by some of the tenants in common and by some who are not tenants in common, but are brought in for the purpose of settling controverted questions in respect to their legal or equitable rights or claims. Section 186, Title 47, Code; Dean v. Griffith, 257 Ala. 67, 57 So.2d 545; Grisham v. Grisham, 251 Ala. 340, 37 So.2d 177; Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

If there is a defect in any feature of that broad aspect of the cross-bill which seeks to clear up the description and ownership of the land sought to be sold and to bring in others to adjust their claims to any feature of it, there is no ground of demurrer which reaches it. The cross-bill is not multifarious on that account.

The demurred of Guinn to the cross-bill is subject to the same comment. Therefore, under the rules stated above the demurrer should have been overruled.

We think it advisable to refer to that feature of the cross-bill which seeks to have an administration of the estates of Robert L. Jones and Emma Lee Jones as a part of this litigation. The cross-bill shows that a part of the land sought to be sold for division belonged to the father Robert L. Jones, and that the father and mother owned a part; that they both are dead and no administrator has been appointed for the estate of either; that the tract of land is the only land either owned; and that the father owed no debts, but the mother Emma Lee Jones owed a substantial sum.

It is sought to administer both estates without the appointment of an administrator of either. If both estates are subject to such relief in equity, it may be that a court of equity would make a distribution of both in a joint suit when the claim of ownership is by inheritance from both decedents and it is immaterial which one owned certain items of property and when neither estate owed any debts. The rule is that a court of equity will not distribute an estate containing personal property without an administrator if the estate owes debts. For in that event an administration is necessary.

In the case of Teal v. Chancellor, 117 Ala. 612, 616, 23 So. 651, 652, it is said:

"In courts of equity the general rule is that personal assets are recoverable only by the personal representative. Neither creditors nor legatees nor distributees can maintain suits concerning them, though, when recovered, the personal representative holds them in trust for their ultimate benefit. There are recognized exceptions to the rule prevailing in courts of equity, all of which, however, proceed on the theory that the right and title of the creditor or of the legatee or of the distributee are purely equitable. We have concern now with only one of these exceptions, and that is that when a person dies intestate, owing no debts, and the only duty which would devolve on the administrator, if one were appointed, would be that of making distribution, the equity of the distributees is perfect, and the court will dispense with an administra-

tion, entertaining suits by them for the recovery of the personal assets. * *

"The bill is not exclusively a bill for partition. It is a bill for an accounting of the personal property which has been wasted or converted, and for the allotment to complainant of her share in such parts thereof as may remain *in specie*, capable of division or partition. We may concede that it is shown by the bill that the possession of Palestine Teal to such parts of the property as it is alleged she claims was hostile and adverse to the title of the complainant. The concession does not render the bill demurrable; for, as we have already held, the right and title of the complainant were purely equitable, as was her remedy."

The rule has been repeated many times since then, always with the limitation that when there is no administration equity will make distribution of the personal estate of the decedent only if he owed no debts. Jones v. Baswell, 246 Ala. 410, 20 So.2d 715; Cook v. Parker, 248 Ala. 393, 27 So.2d 779; Love v. Rennie, 254 Ala. 382, 48 So.2d 458; Archer v. Tolleson, 257 Ala. 668, 60 So.2d 853.

Since some of the aspect of the cross-bill are not subject to any ground of demurrer addressed to the cross-bill as a whole, the demurrer to the cross-bill should have been overruled.

The decree should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.