218 So.2d 838

**Evelyn D. SMITH, a/k/a Becky Evelyn Smith**

v.

**Charles L. DENABURG, as Trustee.**

**6 Div. 266.**

Supreme Court of Alabama.

Feb. 6, 1969.

S. P. Keith, Jr., Birmingham, for appellant.

James, Beavers & Harrison, Birmingham, for appellee.

*this* court as an award of alimony to" (Emphasis Supplied) respondent, being rendered June 4, 1964; that said decree was made and said conveyance was executed within four months of adjudication of Smith's bankruptcy; and that the conveyance to respondent rendered Smith insolvent within the meaning of the laws of Alabama and the United States.

Complainant prays that the court enter a decree setting aside the conveyance to respondent and "order *same* sold for distribution among the creditors of" (Emphasis Supplied) Smith after due allowance for the rights of respondent, and for general relief.

COLEMAN, Justice.

The respondent appeals from a decree for complainant in a suit to set aside a conveyance of real estate which had been made to respondent as hereinafter described.

Complainant is the trustee of the bankrupt estate of James H. Smith. Respondent is the former wife of Smith. Complainant avers that on and prior to July 9, 1964, Smith was indebted to various creditors and "that at said time, he was insolvent" and his insolvent condition was known to his wife, the respondent; that on July 9, 1964, Smith conveyed to respondent certain real estate, to wit, Lot 9, Block 2, according to the 2nd Addition to Shades Cahaba Estates as recorded in office of Judge of Probate of Jefferson County in Map Book 30, at page 36; that the conveyance constituted a preference under the Bankruptcy Act and the laws of Alabama, and was executed within four months from the date of adjudication of Smith's bankruptcy which occurred on September 24, 1964, and that said conveyance was in fraud of his creditors.

Complainant further avers that respondent and Smith were divorced by decree of the Circuit Court of the Tenth Judicial Circuit rendered April 3, 1964; that the conveyance was made "pursuant to a decree of

We note here that both the instant suit and the divorce suit are proceedings in the same trial court. We do not have in the record on this appeal any of the proceedings or decrees which were had in the divorce suit. The divorce suit was not appealed to this court and the proceedings therein are not before us.

Respondent filed an answer, wherein, among other things, she denies that Smith was insolvent "at said time" or that his insolvency was known to Smith and to respondent. She denies that the conveyance constituted a preference to her and says she had no knowledge of Smith's insolvency; that the conveyance was not fraudulently made; that it was made pursuant to the decree of June 4, 1964, as an award of alimony to her; and that Smith bitterly contested said conveyance and did not voluntarily consent thereto.

Respondent avers further that she and Smith, immediately prior to said conveyance, were joint owners of said property, the same being with right of survivorship; that she owned an undivided one-half interest and had an inchoate interest in the other half which Smith owned, subject to a mortgage; and that respondent neither admits or denies that said conveyance rendered Smith insolvent and demands strict proof thereof.

**512**

The decree appealed from recites that the cause was submitted on the pleadings and three affidavits made severally by respondent, complainant, and one Cleveland.[1]

It seems apparent that the decree rests upon the provisions of § 67, subd. d of the Bankruptcy Act, which as here material recites:

"      .     .     .     .     .     .

"(2) Every transfer made  .   .   .   . by a debtor within one year prior to the filing of a petition initiating a proceeding under this Act by or against him is fraudulent (a) as to creditors existing at the time of such transfer  .   .   .   . if made  .   .   .   . without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent  .   .   .   .

"(3) Every transfer made  .   .   .   . by a debtor who is or will thereby be rendered insolvent, within four months prior to the filing of a petition initiating a proceeding under this Act by or against him is fraudulent, as to then existing and future creditors:  .   .   .   ." Bankruptcy Act, § 67;  Title 11, § 107, U.S.C.A.

In paragraph (2) of § 67, sub. d of the Bankruptcy Act quoted above, certain conveyances are declared fraudulent "if made  .   .   .   . without fair consideration." In brief, respondent argues that the con-

veyance was made "as an award of alimony to the said Respondent" (as complainant alleges in the bill) and was not made "without fair consideration." In Milstid v. Pennington, 5 Cir., 268 F.2d 384, 389, the court said:

"Appellants cite two cases (Dixon Lumber Co. v. Peacock, 217 Cal. 415, 19 P.2d 233;  McNally v. Emmetsburg Nat. Bank, 197 Iowa 602, 192 N.W. 925) which hold that a conveyance in lieu of alimony is not voluntary but supported by valuable consideration as to existing creditors.  It is our opinion that Alabama follows that view, as indicated in the authorities cited in the margin."

█ We incline to the view that the instant conveyance, being made as an award of alimony, was not voluntary but was supported by a fair consideration.  See Alabama cases cited in footnote 9 in Milstid v. Pennington, supra.

### Homestead.

Respondent says that the one-half interest in the lot, which was conveyed to her by order of the court in the divorce suit, was the homestead of Smith and exempt from levy and sale for the collection of his debts under § 625, Title 7, Code 1940.  Appellant argues that, because the lot was Smith's homestead, his creditors have no claim on

1. As pertinent, the decree recites:
   "The sole prayer of Complainant is that the conveyance of an undivided one-half interest in and to Lot 9, Block 2, according to the 2nd Addition to Shades Cahaba Estates, as recorded in Map Book 30 at Page 36 at the Office of the Judge of Probate of Jefferson County, Alabama, as conveyed by James H. Smith to his wife, Evelyn D. Smith a/k/a Becky Evelyn Smith, the Respondent herein, by order of this Court in Cause Numbered 133–089 on June 4, 1964, be set aside and held for naught so as to re-vest title to said one-half interest in the Complainant, Charles L. Denaburg, as Trustee in Bankruptcy of the Estate of James H. Smith, Bankrupt;  and the Court being of the opinion, from the evidence (and solely upon the legal evidence as set out in the affidavits aforementioned) that the said

transfer of said realty was effected in violation of the provisions of Section 67, sub. d of the Bankruptcy Act and rendered the said James S. Smith insolvent and reacted so as to effect a preference to one creditor of the insolvent Estate of the said James H. Smith, wherefore, it is CONSIDERED, ORDERED, ADJUDGED and DECREED as follows:
   "ONE:  That the said conveyance to the aforementioned real property is void and without legal force and effect and comes within the prohibition of the Bankruptcy Act;  and said conveyance is hereby set aside and held for naught.
   "TWO:  The title to an undivided one-half interest in and to the real property above referred to is vested in the Complainant in this cause, Charles L. Denaburg, as Trustee in Bankruptcy of the Estate of James H. Smith, Bankrupt."

the lot and suffered no injury by its alienation, and, therefore, the court erred in setting aside the conveyance to appellant; citing Terry v. Schaeffer, 239 Ala. 264, 194 So. 502, which appears to support the rule relied on by respondent.

In Majors v. Killian, 230 Ala. 531, 162 So. 289, cited by appellee, however, complainants brought suit to set aside conveyance for fraud against creditors of the grantor. The respondents sought to raise by demurrer the proposition that the property in suit was the homestead of the debtor and exempt from execution and, therefore, that the conveyance could not be set aside at the suit of the creditors. Among other things, this court said:

"If it be a fact that the land in question was, at the time of its conveyance, the homestead of the grantors, and that its value and area were within statutory limits when aliened to the son, such facts are not disclosed, nor were they required to be negatived by the bill. If the land was such homestead when conveyed, it is secure to the grantee from this attack; or, if it is the homestead in possession of the owner and exempt from levy and sale, as against complainant's claim or judgment, such fact is available by way of answer and proof, or due claim of exemption before sale under execution. (Citations Omitted)" (230 Ala. at page 534, 162 So. at page 292.)

We do not find in appellant's answer to the instant bill, or elsewhere in the pleading, any averment that the lot in suit was Smith's homestead at any time. Neither do we think that there is sufficient evidence to sustain a finding that the lot was Smith's homestead at the time of the conveyance to respondent. In the affidavit made by Cleveland, he refers to Smith's "house" or "home," and says that Smith ". . . . also advised us on various occasions that he had been living at this address for his entire lifetime." This evidence is not sufficient to establish that

the lot was Smith's homestead at the time of conveyance to appellant. This court has said:

". . . . The right, nature, and character of a homestead of a wife are well understood. However, there must be an occupancy in fact to raise the right, delayed only by the time necessary to effect removal or to complete necessary repairs. Blum v. Carter, 63 Ala. 235, 240; Preiss v. Campbell, 59 Ala. 635. . . . ." Frazier v. Espalla, 220 Ala. 446, 448, 125 So. 611.

In the instant case, there is no pleading or proof to support appellant's claim that the lot was the homestead of either husband or wife at the time of his conveyance to her, and, therefore, we find no merit in her assignment of error based on the claim that the lot was Smith's homestead.

### Smith's Insolvency.

The three affidavits constitute all the evidence in this case. They are replete with hearsay, conclusions, and argument.

As we understand the decree of the trial court, the date of the conveyance to the wife was June 4, 1964, which is the date of the decree in the divorce suit ordering the conveyance. We find no evidence that Smith was insolvent June 4, 1964, or that the conveyance on that day rendered him insolvent.

Complainant's affidavit is that he had investigated Smith's financial condition and found that he owed $7,000.00; and, "According to the records in the Probate Office . . . . the conveyance . . . . was made on to-wit: the 9th day of July, 1964, and at that time the Respondent was insolvent. . . ."

Testimony that Smith was insolvent July 9 does not prove that he was insolvent a month before. Wrenn v. Citizens National Bank, 96 Conn. 374, 114 A. 120.

In the decree appealed from, the court indicates that, in considering the

evidence, the court followed Act No. 101, 1943 Acts, page 105; Code 1940 Recompiled 1958, Title 7, § 372(1). Under that statute, testimony which appears to have been mere conclusions of the witness ". . . . must be disregarded. . . ." Cook v. Parker, 248 Ala. 393, 395, 27 So.2d 779.

 Complainant averred and had the burden of proving that Smith was insolvent at the time of the conveyance or was thereby rendered insolvent. Wrenn v. Citizens National Bank, supra. We think he failed to prove it. Complainant also alleged that Smith's insolvent condition was known to respondent. The only proof that she knew is complainant's affidavit that:

". . . . And at the time said transfer was made, the Respondent knew that the said Bankrupt was insolvent and incapable of paying his obligations as shown by her affidavit heretofore filed in this cause. . . . ."

Respondent's affidavit recites:

"The Complainant and I were divorced from each other under a decree of the Circuit Court, Tenth Judicial Circuit of Alabama, rendered on April 3, 1964, and a decree was entered on June 4, 1964, awarding me an undivided one-half interest in and to the property made subject of this suit, subject to a mortgage held by Jefferson Federal Savings and Loan Association. Although the decree was dated June 4th, the Complainant did not convey said undivided one-half interest to me until July 9, 1964. At that time, I knew that the Complainant had several debts, but I did not know at that time that he was insolvent. He was off from work from to-wit: February 28, 1964 to to-wit: June 8, 1964. When he went back to work on to-wit: June 8, 1964, he was able to pay his debts and keep them current. I was married to him for 22 years and 4 months, during which time he was always able to pay his debts and he was never in bankruptcy or debtors court."

The only testimony to prove Smith's insolvency or respondent's knowledge of it appears to have been mere conclusions, and the finding that the transfer to respondent rendered Smith insolvent is not supported by legal evidence.

The decree appealed from is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.